## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC SUBER and MARY LYNNE FORREY-SUBER, on their own behalf and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>LIBERTY MUTUAL INSURANCE GROUP, INC., d/b/a Liberty Mutual Insurance; LIBERTY MUTUAL INSURANCE COMPANY; SAFECO INSURANCE COMPANY OF AMERICA; and LM GENERAL INSURANCE COMPANY,<br><br>　　　　　　　　Defendants. | Case No. 2:21-cv-4750-GAM |

## MEMORANDUM OF LAW IN SUPPORT OF THE NON-INSURING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

### I.　　INTRODUCTION.

Plaintiffs Eric Suber and Mary Lynne Suber disagree with their insurance company's decision to deny coverage for an accident involving Mr. Suber's 2021 Porsche 718. But instead of suing only their insurance company, LM General Insurance Company, which underwrote their policy, Plaintiffs sued LM General and three other, separate and distinct, legal entities associated with LM General: Liberty Mutual Group Inc.,[1] Liberty Mutual Insurance Company, and Safeco Insurance Company of America ("Non-Insuring Defendants"). But none of these three entities

---

[1] There is not a Liberty Mutual entity named "Liberty Mutual *Insurance* Group, Inc." For purposes of this brief the Non-Insuring Defendants assume Plaintiffs intended to name "Liberty Mutual Group Inc." If this assumption is incorrect, the Non-Insuring Defendants are happy to submit a supplemental brief on the issue of mis-naming entities.

issued Plaintiffs' policy or had any contractual relationship with Plaintiffs; LM General was the sole underwriter. Glossing over this key detail, Plaintiffs almost uniformly refer to LM General and the Non-Insuring Defendants collectively as "Defendants" or "Liberty Mutual." But Plaintiffs have not alleged any facts that would connect any of the Non-Insuring Defendants to their LM General policy, their insurance claim, or the injury they purportedly sustained. Thus, the Court lacks jurisdiction to decide Plaintiffs' claims against the Non-Insuring Defendants and must dismiss them for two reasons.

*First*, the Court lacks subject-matter jurisdiction over the Non-Insuring Defendants. The declarations page of Plaintiffs' policy confirms that LM General, not any of the Non-Insuring Defendants, underwrote Plaintiffs' policy and insured Plaintiffs' Porsche 718. Plaintiffs do not allege they had any relationship with the Non-Insuring Defendants or that they engaged in any of the conduct allegedly causing Plaintiffs' purported injury. Even if Plaintiffs did allege such a relationship or conduct, the indisputable facts show otherwise. Plaintiffs cannot establish any causal connection between the Non-Insuring Defendants and their alleged injury—*i.e.*, not receiving coverage for their Porsche 718 accident—or that Plaintiffs' ostensible injury was "fairly traceable" to any act of the Non-Insuring Defendants. Plaintiffs, therefore, lack Article III standing to assert their claims against the Non-Insuring Defendants.

Plaintiffs also lack Article III standing for claims outside of Pennsylvania. They allege that they are Pennsylvania residents and that the supposed injury occurred in the state of Pennsylvania. Without any connection between them, their claims, and another state, Plaintiffs cannot represent a nationwide class based on the laws of other states.

*Second,* the Court lacks personal jurisdiction over the Non-Insuring Defendants, which are companies incorporated in Massachusetts or New Hampshire that are not "at home" in Pennsylvania.

Plaintiffs do not—and cannot—allege otherwise. Instead, Plaintiffs try to manufacture jurisdiction over the Non-Insuring Defendants by treating these separate and distinct legal entities as a singular group, describing them as "Defendants" or "Liberty Mutual." But Plaintiffs do not allege facts sufficient to establish that the Non-Insuring Defendants themselves had any part in underwriting Plaintiffs' policy and denying their claim. Plaintiffs have the burden of establishing jurisdiction for each defendant individually, and they do not allege facts sufficient for the Court to disregard each defendant's corporate form. As such, Plaintiffs' claims against the Non-Insuring Defendants must also be dismissed for lack of personal jurisdiction.

## II.     RELEVANT FACTUAL BACKGROUND.

### a.   Plaintiffs' Insurance Policy.

Plaintiffs had an automobile insurance policy with LM General since at least August 2016. ECF No. 1-1 at 3, 6[2] (showing policy period of "08/22/2016-08/22/2017" that was "provided and underwritten by LM General Insurance Company"). In 2021, Plaintiffs added the 2021 Porsche 718 to their policy. ECF No. 1-2 at 2. Their policy was still "underwritten and provided by LM General Insurance Company." *Id*. at 8. Plaintiffs' policy defines "We" as "the Company providing this insurance." ECF No. 1-1 at 9. Part D of Plaintiffs' policy insures Plaintiffs for damage to their covered autos. *Id*. at 17. The insuring agreement in Part D states: "*We* will pay for direct and accidental loss to 'your covered auto' . . . ." *Id*. (emphasis added).

### b.   Plaintiffs' Complaint.

Plaintiffs filed their complaint on October 28, 2021. Compl., ECF No. 1. The complaint includes four claims: (1) breach of contract; (2) violation of Pennsylvania's unfair trade practices and consumer protection law ("UTPCPL") and "other similar statutes nationwide"; (3) bad faith;

---

[2] Pinpoint citations to ECF documents refer to the Court-generated numbers in the top right corner of each page.

and (4) declaratory relief. *Id.* ¶¶ 57–87. Plaintiffs assert these claims against four separate Liberty Mutual entities. *Id.* ¶¶ 10–16. Plaintiffs refer to these separate entities collectively as "Defendants" or "Liberty Mutual." *E.g.*, *id.* ¶¶ 15, 18, 20. But only one entity, LM General, insured Plaintiffs' Porsche 718. ECF No. 1-2 at 8. Plaintiffs do not allege any relationship with the Non-Insuring Defendants other than purportedly issuing their policy. *See*, *e.g.*, Compl. ¶¶ 11–13, 20.

Plaintiffs contend the Court has subject-matter jurisdiction under the Class Action Fairness Act of 2005. *Id.* ¶ 17. And Plaintiffs contend the Court has personal jurisdiction over the Non-Insuring Defendants because (1) Plaintiffs are Pennsylvania citizens, (2) their policy was written in Pennsylvania, and (3) the Non-Insuring Defendants do business in Pennsylvania and have "derived substantial revenue from such business in Pennsylvania." *Id.* ¶ 19.  The allegations of Plaintiffs' complaint misstate the law.

### c.  The Non-Insuring Defendants.

Plaintiffs correctly allege that none of the Non-Insuring Defendants are incorporated in or have their principal place of business in Pennsylvania. *Id.* ¶¶ 11–13; Garvey Decl. ¶¶ 5–7, attached as Ex. A. The Non-Insuring Defendants are separate and distinct legal entities. Garvey Decl. ¶¶ 5–7. None of the Non-Insuring Defendants issued Plaintiffs' insurance policy. Panos Decl. ¶¶ 6–8, attached as Ex. B.

## III.   ARGUMENT AND CITATION OF AUTHORITY.

### a.  Plaintiffs Lack Article III Standing to Sue the Non-Insuring Defendants Because a Different Legal Entity Issued Plaintiffs' Policy.

Plaintiffs lack Article III standing to assert claims against the Non-Insuring Defendants because Plaintiffs' sole purported injuries are not fairly traceable to the Non-Insuring Defendants. Because Plaintiffs assert that this Court has jurisdiction, they have "[t]he burden of demonstrating [their] case falls within the jurisdiction of the" Court.  *In re Cmty. Bank N. Va. Mortg. Lending*

*Pracs. Litig.*, 911 F.3d 666, 670–71 (3d Cir. 2018). And because standing presents a threshold jurisdictional inquiry, the Non-Insuring Defendants can properly challenge standing on a Rule 12(b)(1) motion to dismiss through a facial or factual attack. *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007); *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243–44, (3d Cir. 2012). Under a facial attack, "which contests the sufficiency of the pleadings, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *In re Schering-Plough Corp.,* 678 F.3d at 243–44 (cleaned up). Under a factual attack, the Court does not presume the truthfulness of Plaintiffs' allegations. *CNA v. United States*, 535 F.3d 132, 150 (3d Cir. 2008). Instead, the Court must "weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings." *S.R.P. v. United States*, 676 F.3d 329, 343. 345 (3d Cir. 2012). Thus, under a factual attack, Plaintiffs do "not enjoy the same procedural safeguards as with a facial attack." *Aldossari on behalf of Aldossari v. Ripp*, No. CV 20-3187, 2021 WL 1819699, at *3, ---F. Supp. 3d--- (E.D. Pa. May 6, 2021). Here, the complaint facially fails to allege standing, and the factual allegations in the declaration of Danielle Panos affirmatively demonstrate that Plaintiffs lack standing.

To establish Article III standing, Plaintiffs must show: (1) they suffered a concrete and particularized injury-in-fact; (2) a causal connection between the injury and the Non-Insuring Defendants' conduct; and (3) that the injury is fairly traceable to the challenged action of the Non-Insuring Defendants. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action,* 678 F.3d 235, 244 (3d Cir. 2012) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). The Third Circuit has repeatedly held "that traceability requires, at a minimum, that the defendant's purported misconduct was a 'but for' cause of the plaintiff's injury." *Finkelman v. Nat'l Football*

*League*, 810 F.3d 187, 198 (3d Cir. 2016). Critically, the Non-Insuring Defendants' conduct is not the but-for cause of Plaintiffs' purported injury—denial of policy benefits—because that alleged injury is "traceable to . . . the insurance company[y] which issued their polic[y]," LM General. *Johnson*, 673 F. Supp. 2d at 254; *see Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001) (holding plaintiff lacked standing "because he did not buy any policy from [an insurance-company defendant] and so did not suffer any injury due to [that company's] conduct"); *see also Fireman's Ins. Co. of Wash. D.C. v. Erie Ins. Prop. & Cas. Co.*, No. 5:19-cv-02912-JMG, 2021 U.S. Dist. LEXIS 65762, at \*4-5 (E.D. Pa. Apr. 5, 2021) (granting insurers' summary-judgment motion because they did not "issue[] the subject insurance policies").[3]

The only injury Plaintiffs purportedly suffered is that they did not receive the benefits they were allegedly owed under the LM General policy. *E.g.*, Compl. ¶¶ 64, 69, 73, 86. Indeed, all of

---

[3] District courts nationwide regularly hold plaintiffs lack Article III standing to sue parents or affiliates that did not issue the contested insurance policy. *E.g.*, *Perez v. State Farm Mut. Auto. Ins. Co.*, No. C 06-01962 JW, 2011 U.S. Dist. LEXIS 135844, at \*9–10, 12 (N.D. Cal. Nov. 15, 2011) (granting Rule 12(b)(1) motion to dismiss based on facial attack because "[w]here a plaintiff 'did not buy any policy from [an insurance-company defendant] and so did not suffer any injury due to [that company's] conduct,' that plaintiff lacks Article III standing to bring a case in relation to an insurance policy against that defendant." (*quoting Lee*, 260 F.3d at 1001–02)); *Willis v. Gov't Emps. Ins. Co.*, No. 13-280 KG/KK, 2016 U.S. Dist. LEXIS 189398, at \* 8 (D.N.M. Feb. 18, 2016) (granting Rule 12(b)(1) motion to dismiss based on factual attack because "Plaintiffs [did] not demonstrate[] that they [had] Article III standing to bring their lawsuit against [the non-insuring entity]."); *Hovenkotter v. Safeco Corp.*, No. C09-218JLR, 2009 U.S. Dist. LEXIS 129596, at \*11 (W.D. Wash. Aug. 3, 2009) (granting Rule 12(b)(1) motion to dismiss based on facial attack holding Plaintiff lacked standing because he did "not link his injury with any action taken by either Safeco America or Safeco Corporation," two entities that did not issue his policy); *Stack v. Progressive Select Ins. Co.*, No. 20-cv-00338-LB, 2020 U.S. Dist. LEXIS 167903, at \*17 (N.D. Cal. Sep. 14, 2020) (granting Rule 12(b)(1) motion to dismiss based on facial attack and dismissing plaintiff's claims because she did "not establish any involvement of any entity but" the insuring entity); *Aguilar v. Allstate Fire & Cas. Ins. Co.*, No. 06-4660, 2007 U.S. Dist. LEXIS 16073, at \*13-14 (E.D. La. Mar. 5, 2007) (granting Rule 12(b)(1) motion to dismiss based on facial attack because "[t]he plaintiffs' concession that none of the named plaintiffs were insured by either Allstate Fire and Casualty or Allstate Property and Casualty is a concession that they lack standing to sue those defendants. And their attempts to establish Article III standing 'through the backdoor of a class action' is unavailing."); *see also Vict. Family Ltd. Liab. Ltd. P'ship v. Ohio Sec. Ins. Co.*, No. 19-CV-2159-CAB-WVG, 2020 U.S. Dist. LEXIS 12123, at \*4–5 (S.D. Cal. Jan. 23, 2020) (granting Rule 12(b)(6) motion to dismiss against non-insuring Liberty Mutual entity because "[a]lthough there is a 'Liberty Mutual Insurance' logo on the policy, there is no evidence that this means the entity Liberty Mutual Insurance Company was a party to the contract").

Plaintiffs' claims revolve around the terms of their policy and the coverage they were allegedly denied. *Id.* ¶ 63 (alleging "Defendants' refusal to indemnify the losses of Plaintiffs and the members of the Classes constitutes a breach of their respective insurance contracts"); *id.* ¶ 69 (alleging "Plaintiffs and members of the classes have suffered ascertainable losses of money, in the form of withheld insurance benefits for property damage losses, as a result of various unfair and/or deceptive acts or practices by Defendants"); *id.* ¶ 73 (alleging bad faith based on "wrongful denial and refusal to pay benefits for Plaintiffs' . . . covered losses"). But Plaintiffs cannot have suffered this policy-related injury from any action or inaction by the Non-Insuring Defendants because they are not "the insurance companies which issues [Plaintiffs'] polic[y]." *Johnson,* 673 F. Supp. 2d at 254.

The declarations page to Plaintiffs' policy expressly identifies LM General as the provider and underwriter of the policy, and the policy defines the term "we," "in the policy to mean "the Company *providing* this insurance." ECF No. 1-1 at 3, 6; ECF No. 1-1 at 9. (emphasis added). Plaintiffs have not alleged and cannot allege that the Non-Insuring Defendants engaged in any of the alleged wrongdoing in the complaint causing Plaintiffs' alleged injury. *Finkelman*, 810 F.3d at 198 (holding defendant was not the "but for" cause of plaintiff's alleged injury because plaintiff never tried to purchase tickets from defendant). That is, the Non-Insuring Defendants cannot be the "but for" cause because no matter what they did, LM General's policy-related actions controlled Plaintiffs' claim and purported injury. *Id.*[4]

---

[4] Because Plaintiffs did not purchase their insurance policy from the Non-Insuring Defendants, they also lack statutory standing to bring claims under the UTPCPL. *See Branche v. Wells Fargo Home Mortg., Inc*., 624 F. App'x 61, 64 (3d Cir. 2015) (holding plaintiff lacked standing because she "was not a purchaser of [defendant's] services"); *Katz v. Aetna Cas. & Sur. Co*., 972 F.2d 53, 55 (3d Cir. 1992) (holding plaintiffs lacked standing because they "did not purchase the [insurance] policy" from defendants).

Moreover, Plaintiffs have not sufficiently alleged any other relationship with the Non-Insuring Defendants—or a relationship between the Non-Insuring Defendants and LM General—that could give rise to Article III standing. *See* Compl. ¶¶ 11–13 (alleging the Non-Insuring Defendants are either parents or, at best, affiliates of LM General before lumping them together as "Defendants"); *Montanez v. HSBC Mortg. Corp. (USA)*, 876 F. Supp. 2d 504, 517 (E.D. Pa. 2012) ("However, [a]s a matter of well-settled common law, a subsidiary is a distinct legal entity and is not liable for the actions of its parent or sister corporations simply by dint of the corporate relationship." (quoting *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 341 n. 44 (3d Cir.2010)); *PAMCAH-UA Local 675 Pension Fund v. BT Grp. PLC*, No. 20-2106, 2021 U.S. App. LEXIS 23189, at *8, ---Fed. App'x--- (3d Cir. Aug. 5, 2021) ("But parent companies are not, merely by dint of ownership, liable for the acts of their subsidiaries." (cleaned up)).

Because Plaintiffs have not alleged and cannot establish any causal connection between their purported injury and any conduct of the Non-Insuring Defendants, or that their purported injury is fairly traceable to the conduct of those defendants, Plaintiffs lack standing, and their claims against the Non-Insuring Defendants must be dismissed. *See Johnson,* 673 F. Supp. 2d at 254; *Finkelman*, 810 F.3d at 198 (affirming dismissal for lack of standing where plaintiff failed to trace the alleged injury-in-fact to defendant's conduct).

**b.  Plaintiffs Do Not Have Standing to Bring Claims Outside of Pennsylvania.[5]**

Plaintiffs also lack standing to represent a nationwide class because Plaintiffs acknowledge that they are Pennsylvania residents whose alleged injury occurred in Pennsylvania. Standing is analyzed separately for each claim, and at least one named plaintiff must have "suffered the injury

---

[5] LM General joins this section of the Non-Insuring Defendants' motion and memorandum seeking dismissal of the nationwide claims for lack of standing.

that gives rise to [each] claim." *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 758 (E.D. Pa. 2014). "'[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class."' *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)).

Here, Plaintiffs allege they are residents of Pennsylvania, their policy is a Pennsylvania automobile policy, and "their transaction at issue" occurred in Pennsylvania—not any other state. Compl. ¶¶ 10, 19; ECF No 1-1 at 5, 24. Accordingly, Plaintiffs lack standing to sue under another state's laws. *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d at 758 ("Because standing must be resolved on a claim-by-claim basis, the Court agrees with defendants that the named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury." (cleaned up)); *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 157–58 (E.D. Pa. 2009) (holding plaintiffs failed to allege standing because "[t]he amended complaint . . . provide[d] no facts on which to find a connection between an alleged injury and some wrongful conduct that would implicate the laws of those states in which no plaintiff, or any of their reimbursed members, resides"); *Talbert v. Am. Water Works Co.*, No. 2:19-cv-05010-JMG, 2021 U.S. Dist. LEXIS 88346, at *13-14 (E.D. Pa. May 7, 2021) (holding on a Rule 12(b)(1) motion that plaintiffs could not represent a nationwide class and, instead, could only represent classes in two states where they were purportedly injured).[6]

Because Plaintiffs do not reside and did not suffer an alleged injury in any state other than Pennsylvania, their nationwide class claims must be dismissed. *Plumbers' Loc. Union No. 690*

---

[6] Plaintiffs' standing to represent absent putative class members in states where Plaintiffs do not reside and suffered no injury is a question best addressed in a Rule 12(b)(1) motion. *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. at 155. Waiting "would allow named plaintiffs in a proposed class action, with no injuries in relation to the laws of certain states referenced in their complaint, to embark on lengthy class discovery with respect to injuries in potentially every state in the Union. . . . That would present the precise problem that the limitations of standing seek to avoid." *Id.*

*Health Plan v. Apotex Corp.*, No. 16-665, 2017 U.S. Dist. LEXIS 156443, at *38-39 (E.D. Pa. Sep. 25, 2017) (granting defendants' motion to dismiss all "Non-Pennsylvania Claims"); *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. at 158 (holding plaintiffs only had standing to sue in states where they are located or made a payment).

    **c.  There is No Personal Jurisdiction Because the Non-Insuring Defendants Are Not "At Home" in Pennsylvania, and Plaintiffs' Claims Are Not Based on the Non-Insuring Defendants' Actions in Pennsylvania.**

"Once the defendant raises the question of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant." *Action Mfg. Co., Inc. v. Simon Wrecking Co.,* 375 F. Supp. 2d 411, 418 (E.D. Pa. 2005) (citing *Miller Yacht Sales, Inc., v. Smith,* 384 F.3d 93, 97 (3d Cir. 2004)). To survive a Rule 12(b)(2) motion to dismiss, the plaintiff cannot rely on bare pleadings alone. *Id.* A federal district court may exercise personal jurisdiction over a non-resident defendant to the extent allowed by the law of the forum state. *D'Jamoos v. Pilatus Aircraft Ltd.,* 566 F.3d 94, 102 (3d Cir. 2009). "Because Pennsylvania's long-arm statute is coextensive with the dictates of the Constitution, … [the] jurisdictional inquiry turns exclusively on whether the exercise of personal jurisdiction would conform with the Due Process Clause." *Poole v. Sasson,* 122 F. Supp. 2d 556, 558 (E.D. Pa. 2000) (citing 42 Pa. Cons. Stat. § 5322(b) and *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.,* 75 F.3d 147, 150 (3d Cir. 1996)). Pennsylvania law permits courts to exercise two types of personal jurisdiction over a non-resident corporate defendant: general and specific jurisdiction. *Nutrition Mgmt. Servs. Co. v. Hinchcliff,* 926 A.2d 531, 536 n.2 (Pa. Super. Ct. 2007); *see also Duchesneau v. Cornell Univ.,* Civ. A. No. 08-4856, 2009 U.S. Dist. LEXIS 19125, at *7 (E.D. Pa. Feb. 26, 2009) (explaining that general and specific jurisdiction "constitute two distinct theories, and Pennsylvania caselaw recognizes the

importance of separate analyses." (cleaned up)). The Court does not have general or specific personal jurisdiction over the Non-Insuring Defendants.

> i. *The Court lacks general personal jurisdiction over the Non-Insuring Defendants because they are neither incorporated in nor have their principal place of business in Pennsylvania.*

The Non-Insuring Defendants are not subject to general personal jurisdiction in Pennsylvania because they are not "at home" in the state. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1020 (2021) (holding defendants were not subject to general personal jurisdiction because a court "may exercise general jurisdiction *only* when a defendant is 'essentially at home' in the State" (emphasis added)). Corporations are "at home" in states where they are incorporated or have their principal place of business. *Id.* (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). Only in an "exceptional case" will a court have general jurisdiction over a defendant that is incorporated and has its principal place of business in another state. *Daimler*, 571 U.S. at 139 n.19. The Supreme Court recently reaffirmed this standard, explaining that a company's "in-state business . . . does not suffice to permit the assertion of general jurisdiction over claims . . . that are unrelated to any activity occurring" in the forum. *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017). Rather, "an appraisal of a corporation's activities in their entirety" must demonstrate that the corporation is "at home in that State." *Id.* Plaintiffs do not and cannot meet that standard.

Each Non-Insuring Defendant is incorporated and has its principal place of business outside of Pennsylvania, which Plaintiffs concede, in either Massachusetts or New Hampshire. Garvey Decl. ¶¶ 5–7; Compl. ¶¶ 11–13. Under *Daimler*, these facts, alone, are strong evidence that the Non-Insuring Defendants are not at home in Pennsylvania. *See Daimler*, 571 U.S. at 137–38 ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." (cleaned up)). Since the Supreme Court's decision in

*Daimler*, federal courts have recognized the difficulty a plaintiff faces in establishing that general jurisdiction exists over a company anywhere other than the company's state of incorporation or principal place of business. *See, e.g.*, *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 564 (3d Cir. 2017) (holding plaintiff had "not alleged facts that would suggest this is the 'exceptional case' where" the corporation was "at home" in a state other than its place of incorporation or principal place of busines). Like *Malik*, Plaintiffs have not alleged facts that would make this an "exceptional case." *See id.* The only allegations specific to the Non-Insuring Defendants are that they are "duly licensed to sell and administer insurance in the Commonwealth of Pennsylvania." Compl. ¶¶ 11–13. But permitting "the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business. . . . is unacceptably grasping." *Daimler*, 571 U.S. at 138 (cleaned up).

Because the Non-Insuring Defendants are incorporated outside of Pennsylvania, have their principal places of business outside of Pennsylvania, and this is not an "exceptional case," the Non-Insuring Defendants are not "at home" in Pennsylvania. *Malik*, 710 F. App'x at 564. So they are not subject to general personal jurisdiction in this Commonwealth.[7] *Id.*

---

[7] Plaintiffs may contend the Non-Insuring Defendants are subject to statutory general jurisdiction by registration. *See Kraus v. Alcatel-Lucent*, 441 F. Supp. 3d 68, 74 (E.D. Pa. 2020). This argument fails for two reasons. First, it is premised on a company "register[ing] as a foreign corporation." *Id.* But as insurance companies, Liberty Mutual Insurance Company and Safeco *are not required to register as a foreign corporation*, so they are not subject to statutory general jurisdiction. *See* 15 Pa. C.S.A. § 411(g) ("§ 411 Registration to do business in this Commonwealth . . . . (g) *Foreign insurance corporations.* — A foreign insurance corporation is not required to register under this chapter."). Second, the well-reasoned order in *Sullivan v. A. W. Chesterton, Inc.* correctly held Pennsylvania's statutory general jurisdiction is unconstitutional after *Daimler*. *Sullivan v. A. W. Chesterton, Inc. (In re Asbestos Prods. Liab. Litig. No. VI)*, 384 F. Supp. 3d 532, 545 (E.D. Pa. 2019); *see Ruffing v. Wipro Ltd.*, 529 F. Supp. 3d 359, 368 (E.D. Pa. 2021) (holding Pennsylvania's statutory general jurisdiction by registration did not survive after *Daimler* because "[r]equiring an entity to choose between being subject to unlimited general personal jurisdiction or not doing business in a state is simply not a voluntary choice and is inconsistent with due process"); *Reynolds v. Turning Point Holding Co., LLC*, No. 2:19-cv-01935-JDW, 2020 U.S. Dist. LEXIS 33163, at *14 (E.D. Pa. Feb. 26, 2020) ("The Pennsylvania statutory scheme requiring foreign corporations to consent to general personal jurisdiction in Pennsylvania by virtue of registering to do business here

> ii. *Because Plaintiffs' claims are not based on any actions of the Non-Insuring Defendants, the Court lacks specific personal jurisdiction.*

Plaintiffs' allegations also cannot establish specific personal jurisdiction over the Non-Insuring Defendants. The specific personal-jurisdiction inquiry is straightforward: "to exercise specific jurisdiction, the suit must arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017) (cleaned up); *Malik*, 710 F. App'x at 564–65 (holding specific personal jurisdiction "requires a finding that . . . the litigation results from alleged injuries that arise out of or relate to those activities").  And in a putative class action, "'it is the *named plaintiff's* claim that must arise out of or result from the defendant's forum-related activities, *not the claims of the unnamed members of the proposed class*, who are not party to the litigation absent class certification.'" *Talbert v. Am. Water Works Co.*, No. 2:19-cv-05010-JMG, 2021 U.S. Dist. LEXIS 88346, at *17 n.15 (E.D. Pa. May 7, 2021) (quoting *Chernus v. Logitech, Inc*., No. 17-673(FLW), 2018 U.S. Dist. LEXIS 70784, at *10 (D.N.J. Apr. 27, 2018) (cleaned up) (collecting cases)). For that reason, specific jurisdiction requires "affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb*, 137 S. Ct. at 1776 (cleaned up). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id*. at 1781.

---

violates the Due Process Clause. Therefore, the Court does not have general personal jurisdiction over TPNJ.")

Here, Plaintiffs do not allege that the Non-Insuring Defendants—who did not issue Plaintiffs' insurance policy—engaged in any conduct giving rise to the claims in the Complaint. *See* Panos Decl. ¶¶ 6–8. Because Plaintiffs' allegations do not show that this case "arise[s] from or relate[s] to [the Non-Insuring Defendants'] interactions with Pennsylvania residents," this Court may not exercise specific personal jurisdiction over the Non-Insuring Defendants. *PrimePay, LLC v. Prime Tr., LLC,* No. 20-3104, 2021 U.S. Dist. LEXIS 169700, at *8, ---F. Supp. 3d--- (E.D. Pa. Sep. 8, 2021).

## IV.     CONCLUSION.

Plaintiffs' complaint wholly fails to allege *any* facts that link the Non-Insuring Defendants to Plaintiffs' claims, Plaintiffs' purported injury, or Plaintiffs' claims to any state other than Pennsylvania. Plaintiffs' allegations and the facts also show the Non-Insuring Defendants are not at home in Pennsylvania. Accordingly, the Court should dismiss Plaintiffs' claims against the Non-Insuring Defendants and Plaintiffs' nationwide class claims for lack of standing, subject-matter and personal jurisdiction.

Dated: January 10, 2022

/s/ *Tiffany Powers, Esquire*
Tiffany Powers (PA ID: 310263)
ALSTON & BIRD LLP
One Atlantic Center
1201 W Peachtree St NE, Suite 4900
Atlanta, GA 30309
Tel.: 404-881-7000
tiffany.powers@alston.com

/s/ *Eileen M. Bradley, Esquire*
Eileen M. Bradley (PA ID: 326457)
KENNEDYS CMK LLP
1600 Market Street, Suite 1410
Philadelphia, PA 19103
Tel.: (267) 479-6700
Eileen.Bradley@kennedyslaw.com

*Attorneys for Defendants*

14