UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC SUBER and MARY LYNNE FORREY-SUBER, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE GROUP, INC. d/b/a LIBERTY MUTUAL INSURANCE, LIBERTY MUTUAL INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF AMERICA, COMPANY, and LM GENERAL INSURANCE COMPANY,<br><br>Defendants. | Case No.:2:21-CV-04750<br><br>Civil Action |

## LM GENERAL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant LM General Insurance Company, ("LM General"), by and through its counsel, Kennedys CMK LLP, for its Answer and Affirmative Defenses to Plaintiffs' Complaint (the "Complaint"), states that this Answer and Affirmative Defenses is filed solely on behalf of LM General, and that, to the extent the allegations of the individual Paragraphs of the Complaint are directed at parties other than LM General, and unless otherwise specifically stated to the contrary herein, LM General denies knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and LM General further states as follows:

I. **INTRODUCTION**

1.      LM General admits that Plaintiffs Eric Suber and Mary Lynne Forrey-Suber filed a Complaint.  LM General denies the remaining allegations of Paragraph 1 of the Complaint.

2. Denied.

3. LM General denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 3 of the Complaint.

4. LM General denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 4 of the Complaint.

5. Denied.

6. Denied.

7. Denied.

8. Denied

9. Denied.

## II.    **THE PARTIES**

10. LM General denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 10 of the Complaint.

11. The allegations of Paragraph 11 of the Complaint are directed to a Defendant other than LM General and, therefore, a response is not required.  To the extent a response is required, LM General denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 11 of the Complaint.

12. The allegations of Paragraph 12 of the Complaint are directed to a Defendant other than LM General and, therefore, a response is not required.  To the extent a response is required, LM General denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 12 of the Complaint.

13. The allegations of Paragraph 13 of the Complaint are directed to a Defendant other than LM General and, therefore, a response is not required.  To the extent a response is

required, LM General denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 13 of the Complaint.

14.      LM General admits that LM General Insurance Company is a company organized under the laws of the State of Illinois, that it is an insurance company authorized to conduct business within the Commonwealth of Pennsylvania, and that it maintains a place of business located at 175 Berkeley Street, Boston, Massachusetts.

15.      To the extent that Paragraph 15 of the Complaint sets forth allegations against parties other than LM General, LM General denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 15 of the Complaint. To the extent that Paragraph 15 of the Complaint sets forth allegations against LM General, LM General LM General admits that it issued a personal automobile insurance policy to Plaintiffs in the Commonwealth of Pennsylvania.

16.      Denied.

**III.**    **JURISDICTION**

17.      The allegations of Paragraph 17 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, LM General admits Plaintiffs seek to represent a putative class whose claims confer this Court with jurisdiction under the Class Action Fairness Act. LM General lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 17 of the Complaint and denies Plaintiffs or any putative class members are entitled to any relief based on Plaintiffs' claims.

18.      The allegations of Paragraph 18 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, LM General admits that it

issued a personal automobile policy of insurance to named insureds Eric Suber and Lynne M Forrey-Suber, bearing policy No AOS28814822840 (the "LM General Policy") in the Commonwealth of Pennsylvania.

19. The allegations of Paragraph 19 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, LM General admits that it issued the LM General Policy to Plaintiffs in the Commonwealth of Pennsylvania.

## IV. INDIVIDUAL PLAINTIFFS' CAUSES OF ACTION

20. LM General admits that it issued named insureds Eric Suber and Lynne M Forrey-Suber the LM General Policy, the terms, conditions, limitations, and exclusions of which speak for themselves. A true and correct copy of the LM General Policy is attached hereto as **Exhibit "A"**. The remainder of the allegations of this Paragraph 20 of the Complaint are denied.

21. LM General admits that it issued the LM General Policy, the terms, conditions, limitations, and exclusions of which speak for themselves. The remainder of the allegations of this Paragraph 21 of the Complaint are denied.

22. LM General admits that it issued the LM General Policy, the terms, conditions, limitations, and exclusions of which speak for themselves. LM General further admits that Plaintiffs paid the premiums due on the LM General Policy.

23. LM General admits that it issued the LM General Policy, the terms, conditions, limitations, and exclusions of which speak for themselves. To the extent this answer is inconsistent with the allegations of Paragraph 23 of the Complaint, said allegations are denied.

24. LM General admits that Eric Suber was involved in a motor vehicle accident on April 2, 2021, and that the LM General Policy was in effect on the date of the accident. LM

LEGAL02/41333924v1

General denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 24 of the Complaint.

25.     The allegations of Paragraph 25 of the Complaint set forth conclusions of law to which no response is required.  To the extent that a response is required, LM General admits that Eric Suber presented a claim for coverage related to his vehicle and the April 2, 2021, accident.

26.     LM General denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of Paragraph 26 of the Complaint.

27.     LM General admits that Plaintiffs informed it of the April 2, 2021 accident, and that Plaintiffs stated that the accident took place at the location alleged in this Paragraph 27 of the Complaint.

28.     LM General admits that it received the April 3, 2021, letter attached as Exhibit "C" to Plaintiffs' Complaint, and further states that the letter speaks for itself.

29.     Denied.

30.     LM General admits that Special Investigator James Strysko ("Strysko") conducted a recorded interview with Eric Suber, the contents of which speaks for itself.  To the extent this admission is inconsistent with the allegations of Paragraph 30 of the Complaint, LM General denies said allegations.

31.     Denied.

32.     LM General admits that it wrote to Plaintiffs in correspondence dated April 16, 2021, and further responds that the contents of the correspondence speak for themselves.  LM General denies the remainder of the allegation of Paragraph 32 of the Complaint.

LEGAL02/41333924v1

33.     LM General admits that it wrote to Plaintiffs in correspondence dated April 16, 2021, and further responds that the contents of the correspondence speak for themselves.  LM General denies the remainder of the allegation of Paragraph 33 of the Complaint.

34.     Denied.

35.     Denied.

36.     Denied.

37.     LM General denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of Paragraph 37 of the Complaint.

38.     LM General admits that it received correspondence dated May 19, 2021, and further responds that the contents of the correspondence speak for themselves.  LM General denies the remainder of the allegation of Paragraph 38 of the Complaint.

39.     LM General admits that its counsel wrote to Plaintiffs in correspondence dated August 17, 2021, and further responds that the contents of the letter speak for themselves.  LM General denies the remainder of the allegation of Paragraph 39 of the Complaint.

**V.     LM GENERAL HAVE KNOWN FOR YEARS THAT HPDE EVENTS AND RACING ARE SEPARATE CATEGORIES OF AUTO INSURANCE COVERAGE**

40.     Denied.

41.     LM General denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of Paragraph. 41 of the Complaint.

42.     LM General denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of Paragraph. 41 of the Complaint.  Further answering, the writing referred to by Plaintiffs speaks for itself.

LEGAL02/41333924v1

43.     LM General denies the allegations set forth in Paragraph 43 of the Complaint as stating conclusions of law to which no response is required.  To the extent that a response is required, LM General denies said allegations.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

## VI.     CLASS ACTION ALLEGATIONS

49.     LM General admits only that Plaintiffs Eric Suber and Mary Lynne Forrey-Suber filed the Complaint in this action, which speaks for itself.  To the extent that a further response is required, LM General denies the allegations of Paragraph 49 of the Complaint, and further denies that class treatment is appropriate.  .

50.     LM General denies the allegations of this Paragraph 50 of the Complaint, and further denies that class treatment is appropriate.

51.     LM General denies the allegations of this Paragraph 51 of the Complaint, and further denies that class treatment is appropriate.

52.     LM General denies the allegations of this Paragraph 52 of the Complaint, and further denies that class treatment is appropriate.

53.     LM General denies the allegations of this Paragraph 53 of the Complaint, and further denies that class treatment is appropriate.

54.     LM General denies the allegations of this Paragraph 54 of the Complaint, and further denies that class treatment is appropriate.

55.     LM General denies the allegations of this Paragraph 55 of the Complaint, and further denies that class treatment is appropriate.

56.     LM General denies the allegations of this Paragraph 56 of the Complaint, and further denies that class treatment is appropriate.

## V.     CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

57.     LM General incorporates its answers to Paragraphs 1-56 of Plaintiffs' Complaint as though fully set forth herein.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

### COUNT II
### VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND
### CONSUMER PROTECTION LAW AND OTHER SIMILAR STATUTES NATIONWIDE

67.     LM General incorporates its answers to Paragraphs 1-66 of Plaintiffs' Complaint as though fully set forth herein.

68.     Denied.

69.     Denied.

LEGAL02/41333924v1

70.    Denied.

## COUNT III
## BAD FAITH

71.    LM General incorporates its answers to Paragraphs 1-70 of Plaintiffs' Complaint as though fully set forth herein.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

## COUNT IV
## DECLARATORY RELIEF

81.    LM General incorporates its answers to Paragraphs 1-80 of Plaintiffs' Complaint as though fully set forth herein.

82.    Paragraph 82 of the Complaint sets forth a legal statement to which no response is required.

83.    Paragraph 83 of the Complaint sets forth a legal statement or assertion to which no response is required.  Further answering, and to the extent a response is required, LM General admits that the LM General Policy does not provide coverage for Plaintiffs' claims, and leaves Plaintiffs to their proofs.

9

84. Paragraph 84 of the Complaint sets forth a legal statement or assertion to which no response is required. Further answering, and to the extent a response is required, LM General admits that the LM General Policy does not provide coverage for Plaintiffs' claims, and leaves Plaintiffs to their proofs.

85. Paragraph 85 of the Complaint sets forth a legal statement or assertion to which no response is required. Further answering, and to the extent a response is required, LM General admits that the LM General Policy does not provide coverage for Plaintiffs' claims, and leaves Plaintiffs to their proofs.

86. Paragraph 86 of the Complaint sets forth a legal statement or assertion to which no response is required. Further answering, and to the extent a response is required, LM General admits that the LM General Policy does not provide coverage for Plaintiffs' claims, and leaves Plaintiffs to their proofs.

87. Paragraph 87 of the Complaint sets forth a legal statement or assertion to which no response is required. Further answering, and to the extent a response is required, LM General admits that the LM General Policy does not provide coverage for Plaintiffs' claims, and leaves Plaintiffs to their proofs.

## **AFFIRMATIVE DEFENSES**

LM General, as and for its Affirmative Defenses to the Complaint, states as follows:

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a cause of action upon which relief may be granted.

## **SECOND AFFIRMATIVE DEFENSE**

LM General asserts each and every defense available to it under the terms of its contract.

## **THIRD AFFIRMATIVE DEFENSE**

LEGAL02/41333924v1

The action is barred by the lack of subject matter jurisdiction.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims on behalf of the alleged class of persons that Plaintiffs purport to represent, the existence of which is expressly denied, are barred by Plaintiffs' failure to meet all four of the mandatory requirements of Fed. R. Civ. P. 23(a), or any of the requirements of Fed. R. Civ. P. 23(b).

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' and the putative class members' claims are barred by the doctrines of waiver, unclean hands, estoppel, and/or laches.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs and the putative class members' claims failed to mitigate and/or reduce their damages and losses, if any, as alleged in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs and the putative class members' claims assumed the risks of damage to their property, were fully cognizant of those risks, and failed to avoid and/or minimize those risks.

**EIGHTH AFFIRMATIVE DEFENSE**

Exclusion 15 of Section D of the LM General Policy bars coverage for Plaintiffs' and the putative class members' claims.

**NINTH AFFIRMATIVE DEFENSE**

LM General did not breach the terms and conditions of the LM General Policy.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' and the putative class members' claims may be barred by accord and satisfaction.

LEGAL02/41333924v1

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims may be barred by fraud or misrepresentation.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims may be barred by payment, including, but not limited to, payments from LM General or third-party insurers.

## THIRTEENTH AFFIRMATIVE DEFENSE

LM General reserve the right to assert additional defenses and/or supplement, alter, amend and change its Answer upon the revelation of more definite facts from the various parties to this suit and completion of further discovery and investigation.

WHEREFORE, LM General denies that Plaintiffs or the putative class members are entitled to a judgment against it in any form or amount whatsoever, denies a class can be certified, and respectfully requests that the Court enter a judgment in its favor:

(a)     Dismissing, with prejudice, Plaintiffs' Complaint;

(b)     Awarding LM General the appropriate costs of this action, including reasonable attorneys' fees; and

(c)     For all other and further relief as may appear just and proper to this Court.

Respectfully submitted,

**KENNEDYS CMK LLP**

/s/ *Eileen M. Bradley, Esquire*

Dated: January 10, 2022

Eileen M. Bradley (PA ID: 326457)
1600 Market Street, Suite 1410
Philadelphia, PA 19103
(267) 479-6700
Eileen.Bradley@kennedyslaw.com
Attorneys for Defendants
Liberty Mutual Insurance Group, Inc.

12

d/b/a Liberty Mutual Insurance,
Liberty Mutual Insurance Company,
SafeCo Insurance Company of America,
and LM General Insurance Company

13