# United States District Court
# Eastern District of Pennsylvania

---

ERIC SUBER and MARY LYNNE FORREY-
SUBER, on their own behalf and on behalf of all
others similarly situated,

     Plaintiffs,

      v.

Liberty Mutual Insurance Group, Inc., d/b/a Liberty
Mutual Insurance, Liberty Mutual Insurance
Company, Safeco Insurance Company of America,
and LM General Insurance Company,

     Defendants.

---

Case No. 2:21-cv-4750-GAM

## [PROPOSED] ORDER

  And now, this _____ day of _____, 2022, upon consideration of Defendant Safeco

Insurance Company of America's Motion to Dismiss Plaintiff's Complaint, Plaintiffs' Response

in Opposition, and any reply thereto, it is hereby ordered that the motion is DENIED.


         _____
         The Honorable Gerald A. McHugh
          United States District Judge

# United States District Court
# Eastern District of Pennsylvania

| | | |
|---|---|---|
| ERIC SUBER and MARY LYNNE FORREY-SUBER, on their own behalf and on behalf of all others similarly situated, | : : : : : | Case No. 2:21-cv-4750-GAM |
| Plaintiffs, | : : | |
| v. | : : | |
| Liberty Mutual Insurance Group, Inc., d/b/a Liberty Mutual Insurance, Liberty Mutual Insurance Company, Safeco Insurance Company of America, and LM General Insurance Company, | : : : : : | |
| Defendants. | : : | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA'S MOTION TO DISMISS

# TABLE OF CONTENTS

I.    INTRODUCTION…………………………………..…………………….…………...1

II.   RELEVANT FACTUAL BACKGROUND……………….…………………..…. 2

    A.  Plaintiffs' Insurance Policy……….…………………………………..…2

    B.  Plaintiffs' Complaint and Exhibits…...…………………..………………2

III.  ARGUMENT AND CITATION OF AUTHORITY…..…………………….….. 3

    A.  This Court Has Personal Jurisdiction Over Safeco…………………… 3

    B.  Plaintiffs Have Standing to Sue Safeco……………………………….... 6

        1.    Standard of Review…………………………….…………… 6

        2.    Safeco's Facial Challenge is Meritless…….……..…………….. 7

        3.    Safeco's Factual Challenge is Meritless……..……………….10

    C. The Court Should Reject Safeco's Alternative Argument that Plaintiffs Lack Standing to Bring Claims Outside of Pennsylvania…………….…………….. 12

    IV. CONCLUSION………………………………………………....…….…………15

iii

**TABLE OF AUTHORITIES**

**Cases**

*Campbell v. Am. Int'l Group, Inc.*, 976 P.2d 1102, 1109 (Okla. Civ. App. 1999)………………10

*Craker v. State Farm Mut. Auto. Ins. Co.*, No. 11-225, 2011 WL 1671634, at \*6 (W.D. Pa. May 3,2011)……………………………………………………………………………………….......10

*Dellaira v. Farmers Ins. Exch.*, 102 P.3d 111, 114 (N.M. Ct. App. 2004)……………………….9

*D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 103 (3d Cir. 2009) ………..…………………………………………………………………………………………5

*Edmonson v. Lincoln Nat. Life Ins. Co.*, 725 F.3d 406, 418 (3d Cir. 2013)………………………6

*Enslin v. The Coca-Cola Co.*, 136 F. Supp. 3d 654, 666-68 (E.D. Pa. 2015)……………………8

*Enslin v. Coca-Cola Co.*, 739 F. App'x 91 (3d Cir. 2018)……………………………….…………8

*Gatecliff v. Great Republic Life Ins. Co.*, 821 P.2d 725, 730–31 (Ariz. 1991)…………………10

*Garnas v. Rimon*, No. 14-7246, 2015 WL 4578922, at \*2 (E.D. Pa. July 30, 2015) (McHugh, J.)...5

*Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 829–30 (E.D. Pa. 2019)……….13

*Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)…………………………………...5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)……………………4

*Gotha v. U.S.*, 115 F.3d 176, 179 (3d Cir. 1997)………………………………………………….7

*Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 632 (3d Cir. 2017)……7

*Langan v. Johnson & Johnson Consumer Cos., Inc.*, 897 F.3d 88, 95 (2d Cir. 2018)……………14

*Lee v. AM. Nat. Ins. Co.*, 260 F.3d 997 (9th Cir. 2001)……………………………………………9

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)……………………………………………6

*Mayo v. TitleMax of Delaware*, No. 21-2964, 2022 WL 62533, at \*6 (E.D. Pa. Jan. 4, 2022) (McHugh, J.) …..……………………………………………………………………….…...14-15

*Mielo v. Steak'n Shake Operations, Inc.*, 897 F.3d 467, 480 (3d Cir. 2018)………………………14

*Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004)…………………………………4

*Neale v. Volvo Cars of North America, LLC*, 794 F.3d 353 368 (3d Cir. 2015)…………………14

*Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 758 (E.D. Pa. 2014)………………………………13

*O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007)…………………………..4

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999)……………………………………………13

*Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 464 (D.N.J. 2013)………………………………6

*Pennzoil Prods. Co. v. Colelli & Assocs.*, 149 F.3d 197, 200 (3d Cir. 1998)………..……………3

*Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 770 (1st Cir. 2011)……………………………………………………………………………..14

*Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)………..……………………………………………………………………………7

*Talbert v. Am. Water Works Co.*, 528 F. Supp. 3d 471 (E.D. Pa. 2021)………………………13-14

*The Pitt News v. Fisher*, 215 F.3d 354, 360 (3d Cir.2000)…………………………………..6

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150 (3d Cir. 1996)….4

*Warth v. Seldin*, 422 U.S. 490, 498 (1975)…………………………………………………...6

*Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 797–98 (10th Cir. 1995)………………………..9

*Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 155 (E.D. Pa. 2009)………………………..13

**Statutes**

42 Pa. C.S. § 5322(b)………………………………………………………………………….4

U.S. CONST. art. III, § 2………………………………………………………………………….6

**Rules**

Fed. R. Civ. P. 12(b)(1) and 12(b)(2)

Fed. R. Civ. P 23(b)(3)

# I. <u>INTRODUCTION</u>

The crux of Defendant Safeco Insurance Company of America's ("Safeco") Rule 12(b)(1) and 12(b)(2) Motion to Dismiss[1] is that Plaintiffs lack standing and this Court lacks jurisdiction because Safeco allegedly **had nothing to do** with underwriting the Subers' policy or "denying their claim." *See* Dkt. No. 11-1 at 3. A cursory reading of the Complaint and its exhibits shows that the **exact opposite is true**. Safeco was intimately involved in the administration and investigation of the Subers' claim and its denial. *See* Dkt. No. 1 ¶¶ 29-35, 39. These allegations, along with Exhibit E of the Complaint, categorically demonstrate that this Court has jurisdiction and Plaintiffs have standing to bring this action against Safeco.

The Complaint alleges that Safeco knew about and participated in the Defendants' ongoing deceptive scheme to systematically mischaracterize High Performance Driving Education (HPDE) as *Racing* and deny legitimate auto insurance claims. *Id.* ¶¶ 40, 44-45. The Subers' injury is more than "fairly traceable" to Safeco—it is **directly related** to Safeco's actions because the Senior Claims Resolution Specialist who denied Mr. Suber's claim worked for Safeco. *See* Dkt. No. 1-5 at 3.

In its brief, Safeco ignores these clearly pled factual allegations—the very facts that bear most predominately on the jurisdictional and standing issues raised by Safeco's Motion. This renders Safeco's Rule 12 jurisdictional arguments null and void, and therefore its Motion must be denied.

---

[1] Defendants' Rule 12 motion was brought collectively by three Liberty Mutual entities. However, Plaintiffs are filing separate responses addressed to each of the three individual Defendants. The fourth Liberty Mutual entity named in the case, LM General Insurance Company ("LM General"), filed an Answer. *See* Dkt. No. 12.

## II.    RELEVANT FACTUAL BACKGROUND

### A.  Plaintiffs' Insurance Policy

Plaintiffs had an automobile insurance policy with Liberty Mutual Insurance since at least August 2016. *See* Dkt. No. 1-1 at 3, 6. In 2021, Plaintiffs added the 2021 Porsche 718 to their policy. Dkt. No. 1-2 at 2. Part D of Plaintiffs' policy insures Plaintiffs for damage to their covered autos. Dkt. No. 1-1 at 17. LM General admits that the policy "was in effect at the date of the accident." Dkt. No. 12 ¶ 24.

### B.  Plaintiffs' Complaint and Exhibits

Plaintiffs filed their Complaint on October 28, 2021. Dkt. No. 1. The Complaint concerns the wrongful denial of benefits for an accident that occurred at a track in New Jersey on April 2, 2021. *Id.* ¶ 24. The Complaint includes four claims: breach of contract; violation of Pennsylvania's unfair trade practices and consumer protection law ("UTPCPL") and other similar statutes nationwide; bad faith; and declaratory relief. *Id.* ¶¶ 57-87. Plaintiffs' Complaint asserts these claims against four Liberty Mutual entities: (1) LM General; (2) Liberty Mutual Insurance Company ("LMIC"); (3) Safeco; and (4) Liberty Mutual Group, Inc. (incorrectly named as "Liberty Mutual Insurance Group, Inc., d/b/a Liberty Mutual Insurance") ("LMG"). *See id.* ¶¶ 10-16. The Complaint refers to them collectively as "Defendants" or "Liberty Mutual." The Complaint's exhibits further specify each defendant's role in the scheme to defraud the Subers. *See, e.g.*, Dkt. Nos. 1-1, 1-4, 1-5, 1-7.

The Complaint alleges that Defendants, including Safeco, have known for years that HPDE is not *Racing*. Dkt. No. 1 ¶ 40. The Complaint alleges that Defendants, including Safeco, participated in the scheme that resulted in the improper denial of benefits for the Subers. For example, Safeco knew that it could have used clear policy exclusion language to delineate

coverage for HPDE verses coverage for *Racing*, but it did not do so, and Safeco nevertheless still systematically mischaracterized HPDE as being the same thing as *Racing*, resulting in wrongful denials of qualified claims, all in furtherance of the scheme. *Id.* ¶¶ 6-8, 29-45.

Specifically, as it relates to Safeco, the Complaint alleges that Defendants wrongfully applied the Racing Exclusion to deny Mr. Suber's claim by letter dated April 16, 2021. Dkt. No. 1 ¶¶ 32-33, 35. The denial letter itself has a letterhead that reflects "Safeco Insurance" and "Liberty Mutual Insurance." Dkt. No 1-5 at 2. The person who sent the denial letter, Dmitriy Rybak, is a "Senior Claims Resolution Specialist – Total Loss" at "Safeco Insurance" and "Liberty Mutual Insurance." *Id.* at 3. The denial letter directs the recipient to visit www.libertymutual.com/privacy, *id.*, which re-directs to another website that links to "Safeco Personal Lines."[2] The Subers reasonably believed that Safeco was their insurance company and that Safeco denied their claim. *See* Dkt. No. 1.

Contrary to Safeco's arguments, the Complaint and its exhibits establish that Safeco was intimately involved in the administration of the Subers' policy and the wrongful denial of their claim. Safeco's employee, Mr. Rybak, was acting within the course and scope of his employment and authority when he investigated, managed, and then wrongfully denied the Subers' claim on behalf of Safeco. *See* Dkt. No. 1 ¶ 16.

## III.  ARGUMENT AND CITATION OF AUTHORITY

### A.  This Court Has Personal Jurisdiction Over Safeco

The starting point for the Court in determining "whether personal jurisdiction can be asserted over a nonresident defendant" is the long-arm statute of the forum state. *Pennzoil Prods.*

---

[2] https://www.libertymutualgroup.com/about-lm/corporate-information/privacy-policy (last visited Feb. 2, 2022).

*Co. v. Colelli & Assocs.*, 149 F.3d 197, 200 (3d Cir. 1998). The Pennsylvania long-arm statute provides for jurisdiction "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. C.S. § 5322(b). Therefore, the Court must "look to federal constitutional doctrine to determine [Safeco's] susceptibility to personal jurisdiction in Pennsylvania." *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150 (3d Cir. 1996).

General personal jurisdiction exists when a person or company is "at home" in the forum state. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).[3] Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (internal quotations and alterations omitted). When reviewing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

Specific personal jurisdiction is a three-part inquiry in this Circuit. The Court must find that (1) the defendant "purposefully directed [its] activities at the forum"; (2) the litigation arose out of or related to one or more of these activities; and (3) jurisdiction "comport[s] with fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). In

---

[3] Since the Court's power is so clearly based on specific jurisdiction, Plaintiffs believe it is not an efficient use of time or judicial resources to fully brief the issue of general jurisdiction under the circumstances. Plaintiffs hereby do not waive their right to raise general jurisdiction and provide supplemental briefing, if the Court finds that such briefing would be helpful.

order to comply with due process, a defendant must deliberately target the forum state such that it "may reasonably anticipate being haled into court there." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001); *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 103 (3d Cir. 2009).

This Court has specific personal jurisdiction Safeco. The Complaint alleges that Safeco was, among other things, actually involved in the administration and denial of Plaintiffs' claim. Dkt. No. 1 ¶¶ 6-8, 29-45. Specifically, the Complaint alleges that Safeco's employee, Dmitriy Rybak, wrongfully applied the Racing Exclusion to deny Mr. Suber's claim by letter dated April 16, 2021. Dkt. No. 1 ¶¶ 32-33, 35; Dkt. No 1-5 at 3. In it Motion to Dismiss, Safeco simply chooses to ignore these plain facts.

Thus, as clearly pled in the Complaint, and as certainly true when construing the current record in the light most favorable to Plaintiffs, Safeco purposefully directed business activities at Pennsylvania and this litigation arose out of those activities, such that Safeco should have reasonably anticipated the possibility of appearing in court in Pennsylvania to defend its activities. *See Garnas v. Rimon*, No. 14-7246, 2015 WL 4578922, at *2 (E.D. Pa. July 30, 2015) (McHugh, J.). In the specific context of the relationship between Safeco and the Subers (and other Pennsylvania class members), Safeco reached outside of New Hampshire to conduct business interactions with Pennsylvania citizens, thereby subjecting itself to Pennsylvania law regarding the consequences of those business interactions. *See id.* Therefore, under the totality of the circumstances before the Court as pled, exercising specific personal jurisdiction over Safeco comports with fair play and substantial justice. *See id.* Safeco's boilerplate and conclusory arguments to the contrary are bogus because they overlook the plain facts in Plaintiffs' Complaint. This Court has personal jurisdiction over Safeco.

### B. Plaintiffs Have Standing to Sue Safeco

#### 1. Standard of Review

Article III of the Constitution limits federal courts' jurisdiction to certain "Cases" and "Controversies." U.S. CONST. art. III, § 2. At its core, "the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To demonstrate standing to file suit, Plaintiffs must show (1) an "injury in fact" or an "invasion of a legally protected interest" that is "concrete and particularized," (2) a "causal connection between the injury and the conduct complained of," and (3) a likelihood "that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).[4]

The Third Circuit has explained that "[t]he second requirement of Article III standing, causation, requires that 'the alleged injury-in-fact is causally connected and traceable to an action of the defendant.'" *Edmonson v. Lincoln Nat. Life Ins. Co.*, 725 F.3d 406, 418 (3d Cir. 2013) (*citing The Pitt News v. Fisher*, 215 F.3d 354, 360 (3d Cir.2000); *Lujan*, 504 U.S. at 560). The causation requirement of standing is "akin to 'but for' causation and . . . the traceability requirement [can be] met even where the conduct in question might not have been a proximate cause of the harm, due to intervening events." *See Edmonson*, 725 F.3d at 418; *see also Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 464 (D.N.J. 2013).

Because standing speaks to a Court's subject matter jurisdiction, it can be decided on a Rule 12(b)(1) motion to dismiss, where "a court must first determine whether the movant presents

---

[4] Defendants' Motion did not accurately cite the elements necessary to establish Article III standing. Dkt. No. 11-1 at 5 (improperly listing causation as two separate elements and omitting element #3, likelihood of redressability). Safeco's Motion challenges only whether the second element, causation, is satisfied by the Subers' Complaint. *Id.*

a facial or factual attack." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). A facial attack is one that "attack[s] the sufficiency of the . . . complaint on the grounds that the pleaded facts d[id] not establish constitutional standing." *In Re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 632 (3d Cir. 2017). When a court analyzes a facial attack, it must "accept the Plaintiffs' well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the Plaintiffs' favor." *Id.* at 633. A factual challenge, by contrast, contests the validity of Plaintiffs' factual claims. *Id.* at 632. For a factual attack, the Court may consider evidence outside the pleadings, including affidavits, depositions, and testimony, to resolve factual issues bearing on jurisdiction. *Gotha v. U.S.*, 115 F.3d 176, 179 (3d Cir. 1997).

Safeco's Motion purports to raise both a facial and a factual attack. *See* Dkt. No. 11-1 at 5. Plaintiffs object that this is improper, but regardless, both challenges fail. Safeco's failure to acknowledge the well pled facts contained in Plaintiffs' Complaint about Safeco specifically dooms both of its challenges. Furthermore, Safeco's Motion does not challenge the Court's power to exercise jurisdiction pursuant to the Class Action Fairness Act, *see* Dkt. No. 1 ¶ 17, and LM General admits that "Plaintiffs seek to represent a putative class whose claims confer this Court with jurisdiction under the Class Action Fairness Act." Dkt. No. 12 ¶ 17. Lastly, the declarations attached to Safeco's Motion do not come close to challenging the Court's power to exercise jurisdiction over Safeco in this case. *See infra*. Safeco's Motion is wrong on the facts and the law.

### 2. *Safeco's Facial Challenge is Meritless*

Safeco's Motion claims that none of its conduct is fairly traceable to Plaintiffs' injury, but this specious argument is both factually inaccurate and wholly lacking in legal support. As stated above, the Complaint alleges that Safeco was, among other things, directly involved in the

administration and denial of Plaintiffs' claim. *See* Section III.A., *supra.* At least one of the employees who was in charge of denying the Subers' insurance claim worked for Safeco. *See id.*; *see also* Dkt. No. 1-5. It is axiomatic that plaintiff class representatives, such as here, will have shown a defendant's conduct is fairly traceable to their injury sufficient to confer standing when they can show direct harm arising from that defendant's specific conduct. *See Enslin v. The Coca-Cola Co.*, 136 F. Supp. 3d 654, 666-68 (E.D. Pa. 2015), *aff'd sub nom. Enslin v. Coca-Cola Co.*, 739 F. App'x 91 (3d Cir. 2018). Safeco's reluctance to acknowledge the plain facts on the face of Plaintiffs' Complaint is fatal to Safeco's claims.

Safeco's Motion cites a flurry of cases for the proposition that plaintiffs can only have standing against the "target" insurance company that issued their policy.[5] Dkt. No. 11-1 at 6 & n.3. However, these cases are non-precedential, distinguishable, and inapposite.[6] The cases cited by Safeco are distinguishable because all of them actually involved "innocent by-stander" corporate entities that were related to the target only by corporate structure. In other words, all of the cases cited in Safeco's Motion involved a pleading that contained at the most, only bare bones allegations that were formulaic and conclusory against the so-called "innocent by-stander" companies. By contrast, the Subers' Complaint contains robust allegations specifying Safeco's wrongdoing in relation to the scheme. *See* Dkt. No. 1; Section III.A., *supra.* Safeco was directly responsible for the claim denial; it is no innocent by-stander in this case.

---

[5] The self-identified "target" in this case, LM General, already filed an Answer. *See* Dkt. No. 12.

[6] Safeco's Motion failed to provide a full citation for its leading case on this issue: *Johnson v. Geico*, 673 F. Supp. 2d 244 (D. Del. 2009). Dkt. No. 11-1 at 6 (providing short cite only). *Johnson* is a non-precedential and unpersuasive Delaware District Court decision with a subsequent history that casts doubt on the premise that standing exists only against the issuer of an insurance policy. *See Johnson v. Geico*, 269 F.R.D. 406, 410-11 (D. Del. 2010) (denying motion to dismiss based on lack of standing raised by newly added Geico entity based on dispute over relationship with other Geico defendants).

In this Circuit, it is not true that a plaintiff can only have standing against the insurance company that issued the policy. LMIC's Motion does not cite any Pennsylvania or Third Circuit case that supports application of this standing rule at the early Rule 12 stage.[7] Even the Ninth Circuit case cited by Safeco, *Lee v. AM. Nat. Ins. Co.*, 260 F.3d 997 (9th Cir. 2001), is distinguishable because it did not involve a Rule 12 motion to dismiss and because the named plaintiff did not and could not specifically allege personal harm arising from the conduct of the separate Texas entity that was named as a defendant. 260 F.3d at 1002. In sum, Safeco cannot rely on any of these cases to support its facial attack because Safeco's Motion failed to acknowledge the allegations contained within the four corners of the Subers' Complaint.

Moreover, even if you assume for the sake of argument that Safeco did not "issue" the Subers' policy, an undefined term which Plaintiffs also challenge as an unproved fact, when a plaintiff's allegations show that a defendant insurance company was otherwise directly involved in the scheme to defraud plaintiff and the class, courts will find standing and allow discovery to proceed. *See Dellaira v. Farmers Ins. Exch.*, 102 P.3d 111, 114 (N.M. Ct. App. 2004) (reversing trial court's grant of motion to dismiss and stating "that an insurer cannot avoid or dissolve [its contractual duties] by delegating to third parties its essential function of making sure that claims for policy benefits are handled and determined fairly, promptly, and honestly"); *Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 797–98 (10th Cir. 1995) (reversing summary judgment in favor of insurance claims administrator on a bad faith claim where the claims administrator "undertook many of the obligations and risks of an insurer"); *Campbell v. Am. Int'l Group, Inc.*, 976 P.2d

---

[7] Safeco cites two cases to support its argument that Plaintiffs lack standing to bring UTPCPL claims, but both are distinguishable for several reasons, including because they are Rule 56 summary judgment decisions based on facts uncovered in discovery. *See* Dkt. No. 11-1 at 7 n.4 (citing *Branche* and *Katz* cases).

1102, 1109 (Okla. Civ. App. 1999) (reversing dismissal of bad faith claim against insurer's parent company where there was evidence that the parent played a significant role in the handling of insureds' claims); *Gatecliff v. Great Republic Life Ins. Co.*, 821 P.2d 725, 730–31 (Ariz. 1991) (in banc) (reversing summary judgment in favor of parent company that managed claims of subsidiary insurer); *Cf. Craker v. State Farm Mut. Auto. Ins. Co.*, No. 11-225, 2011 WL 1671634, at *6 (W.D. Pa. May 3, 2011) ("How and why State Farm arrived at its decision to deny the Crakers' UIM claims goes to the heart of determining whether State Farm breached its contractual obligation . . . ."). Accordingly, the Court should reject Safeco's facial challenge and deny its motion to dismiss.

### 3. *Safeco's Factual Challenge is Meritless*

Without citing to any of the Safeco-specific factual allegations of the Complaint, Safeco's Motion argues that the Subers generally got the facts wrong when they identified the companies at fault for the wrongful denial of their insurance claim. Dkt. No. 11-1 at 5-8, 13-14. Indeed, Safeco attached two declarations to support the argument that Safeco had nothing to do with the Subers' policy. *See* Dkt. Nos. 11-3, 11-4. Put simply, these declarations are astonishingly deficient. In particular, the Danielle Panos Declaration (Dkt. No. 11-4) is more remarkable for what it does not say than for what it tries to say.

Below is a snapshot of Paragraphs 6-8 of the Panos Decl. Each paragraph attempts to disclaim involvement with the Suber policy on behalf of a different Liberty Mutual entity. Paragraph six pertains to LMG, while seven pertains to LMIC, and eight pertains to Safeco[8]:

---

[8] "SICA" stands for "Safeco Insurance Company of America."

10

6.      LMG did not issue or underwrite Plaintiffs' Policy numbered AOS28814822840 nor could I find any evidence that LMG issued or underwrote any other auto policy that insured Plaintiffs' 2021 Porsche 718.

7.      LMIC did not issue or Plaintiffs' Policy numbered AOS28814822840 nor could I find any evidence that LMIC issued or underwrote any other auto policy that insured Plaintiffs' 2021 Porsche 718.

8.      SICA did not issue or Plaintiffs' Policy numbered AOS28814822840 nor could I find any evidence that SICA issued or underwrote any other auto policy that insured Plaintiffs' 2021 Porsche 718.

Looking at all three paragraphs together shows they are nearly identical, aside from one crucial omission. In paragraph 6, Ms. Panos declares that "LMG did not issue or **underwrite** Plaintiffs' Policy." Dkt. No. 1-4 ¶ 6 (emphasis added). However, paragraphs 7 and 8 are missing the word "underwrite." As a result, the Panos Decl. essentially admits that Safeco and LMIC are indeed underwriters of the Suber policy. At a minimum, the Panos Decl. does not deny that Safeco underwrote the policy. By itself, this should make the issue of jurisdiction over Safeco and LMIC dispositive in favor of Plaintiffs at this stage.

Critically, paragraph eight does not deny that Safeco was involved in drafting policy language, providing claims handling guidance on such language, handling and/or investigating the Subers' claim for policy benefits, or denying coverage. Paragraph eight does not deny that Safeco knows about and participates in the Defendants' deceptive scheme to systematically mischaracterize HPDE as *Racing* and deny legitimate auto insurance claims. *See* Dkt. No. 1 ¶¶ 40, 44-45. Paragraph eight does not deny that Safeco receives premiums in exchange for a promise of coverage that Safeco never intends to fulfill. *Id.* ¶¶ 22, 67-70. And even though paragraph eight attempts to deny that Safeco issued the Suber policy, the claim itself is unsubstantiated and does

not overcome Plaintiffs' allegations in the Complaint. It remains entirely plausible that Safeco jointly issued the policy with LM General and/or LMIC, consistent with Plaintiffs allegations.

Safeco argues that the Court should find that the "factual allegations" in the Panos Decl. "affirmatively demonstrate[s] that Plaintiffs lack standing," Dkt. No. 11-1 at 5. Nothing could be further from the truth. Safeco's attempt to raise new facts to challenge subject matter jurisdiction is frivolous and the Court should deny Safeco's Motion to Dismiss.[9]

### C. The Court Should Reject Safeco's Alternative Argument that Plaintiffs Lack Standing to Bring Claims Outside of Pennsylvania[10]

According to Safeco, Plaintiffs lack standing "to bring claims outside of Pennsylvania"[11] because the events giving rise to Plaintiffs' action are confined to Pennsylvania[12] and because this is a "question best addressed in a Rule 12(b)(1) motion." Dkt. No. 11-1 at 8-9 & n.6. Safeco seeks to persuade the Court that the issue of standing for unnamed putative class members from outside Pennsylvania should be analyzed and decided by the Court now at the Rule 12 stage because otherwise it would be unfair to allow the Subers to embark on lengthy class discovery with respect

---

[9] Safeco's Motion is brought pursuant to Rules 12(b)(1) and 12(b)(2) only—the Motion raises no 12(b)(6) challenge to any specific claim. To the extent the Court has jurisdiction over Safeco for any claim, the Court has jurisdiction over Safeco for all claims. *See Rabin v. NASDAQ OMX PHLX LLC*, 182 F. Supp. 3d 220, 229-30 (E.D. Pa. 2016) (McHugh, J) (citing *Haas v. Pittsburgh Nat'l Bank*, 526 F.2d 1083, 1088–89 (3d Cir. 1975)).

[10] In footnote 5 of Defendants' brief, LM General, the entity that has already answered the Complaint and admitted to issuing and underwriting the Subers' policy, attempts to "join this section." Dkt. No. 11 at 8 n.5. LM General is not a moving party and has not properly sought relief of any kind in this Motion. Plaintiffs object to this inappropriate, backdoor attempt to benefit from any ruling issued to other, moving Defendant entities. Plaintiffs intend to file a motion to strike.

[11] Although not framed as an alternative argument in Defendants' Motion, it must be; otherwise Safeco is admitting that jurisdiction is proper inside of Pennsylvania.

[12] To avoid any confusion, Mr. Suber's motor vehicle accident occurred in New Jersey. Dkt. No. 1 ¶ 27. Safeco's Motion to Dismiss ignores this fact.

to injuries arising in other states. *Id.* at 9 & n.6[13] (quoting *In re Wellbutrin XL Antitrust Litig.*, 260

F.R.D. 143, 155 (E.D. Pa. 2009); *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 758 (E.D. Pa.

2014)). As a threshold matter, Safeco makes no showing whatsoever that the alleged non-

Pennsylvania discovery actually would be burdensome.

In addition, the Court is likely aware that there is a split of authority on this issue within

the Eastern District of Pennsylvania. Safeco favors the minority view contained in *In re Wellbutrin*,

*In re Niaspan*, and more recently, *Talbert v. Am. Water Works Co.*, 528 F. Supp. 3d 471 (E.D. Pa.

2021), while Plaintiffs align with the majority view articulated by the Honorable Cynthia Rufe in

*In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 829–30 (E.D. Pa. 2019). After

acknowledging the reasoning of *In re Niaspan*, Judge Rufe wrote:

> But other courts, including some in this Circuit, have taken a
> different view. In the case *In re Liquid Aluminum Sulfate Antitrust
> Litigation*, the District of New Jersey rejected the defendants'
> argument that the named plaintiffs "lack[ed] standing to bring state
> law claims under the laws of a state in which they do not reside."
> The Court explained that "class certification ... is 'logically
> antecedent' to the issue of standing. This is because class discovery
> will unveil the various members of the currently unknown class."
> Similarly, in the *In re Chocolate Confectionary Antitrust Litigation*,
> the Middle District of Pennsylvania found that because "the
> plaintiffs' attempt to represent the proposed class" gave rise to the
> question of whether they had standing to represent individuals from
> other states, the question of class certification was "'logically
> antecedent' to the standing concerns" and the Court declined to rule
> on the issue "until class certification proceedings."

*Id.*; *see also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999) (holding that the question of

Article III standing for absent class members may be held in abeyance until after the class

certification determination in cases where there is an identity of issues and alignment of incentives

---

[13] Rather than a jurisdictional challenge, this attack is more akin to an attempt to strike non-Pennsylvania class allegations.

between named plaintiffs and the rest of the putative class members); *Plumbers' Union Local No.*

*12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 770 (1st Cir. 2011) (same).

In a recent decision in a putative class action asserting claims under the Americans with

Disabilities Act, where the named plaintiffs sought to require that defendant "correct alleged ADA

violations at more than the two restaurant locations where they claim[ed] to have actually

experienced injury," the Third Circuit rejected the defendants' "invitation to insert Rule 23 issues

into [its] inquiry on standing," and explained that "the standing inquiry must be limited to a

consideration of the class representatives themselves, after which [the court] may 'employ Rule

23 to ensure that classes are properly certified.'" *Mielo v. Steak'n Shake Operations, Inc.*, 897 F.3d

467, 480 (3d Cir. 2018) (quoting *Neale v. Volvo Cars of North America, LLC*, 794 F.3d 353 368

(3d Cir. 2015)). Similarly, the Second Circuit has explained that:

> Since class action plaintiffs are not required to have individual
> standing to press any of the claims belonging to their unnamed class
> members, it makes little sense to dismiss the state law claims of
> unnamed class members for want of standing when there was no
> requirement that the named plaintiffs have individual standing to
> bring those claims in the first place.

*Langan v. Johnson & Johnson Consumer Cos., Inc.*, 897 F.3d 88, 95 (2d Cir. 2018). The *Langan*

Court held that "whether a plaintiff can bring a class action under the state laws of multiple states

is a question of predominance under Rule 23(b)(3), not a question of standing." *Id.* at 96.

The persuasive authority of the cases cited by Safeco—*In re Wellbutrin*, *In re Niaspan*,

and *Talbert* (Dkt. No. 11-1 at 9)—"is significantly limited by the cursory nature of the analysis

contained in those opinions." *See Mayo v. TitleMax of Delaware*, No. 21-2964, 2022 WL 62533,

at *6 (E.D. Pa. Jan. 4, 2022) (McHugh, J.). The claims that out-of-state discovery would be

burdensome are formulaic and conclusory. *See, e.g.*, *Talbert*, 538 F. Supp. 3d at 482. For example,

the *Talbert* decision assumed, without explanation, that *In re Wellbutrin* provided the requisite

standard, with no reference to any of the controlling Third Circuit precedent (*Mielo* and *Neale*), or other persuasive cases (*In re Generic Pharms. Pricing Antitrust Litig.*, and *Langan*), cited above. For these reasons, the Court should decline to follow the minority view. *Cf. Mayo*, 2022 WL 62533, at *6 (declining to follow authority cited by defendant based on robust analysis of legal landscape).

Accordingly, it is premature for the Court to evaluate the standing of unnamed putative class members at this early juncture. The Subers clearly have standing to sue Safeco and the Court has jurisdiction over this controversy. As such, the Court should reject Safeco's alternative argument seeking dismissal of Plaintiffs' non-Pennsylvania claims.

## IV.   <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny Safeco's Motion to Dismiss and enter an order in the form proposed.

Dated: February 9, 2022                Respectfully submitted,

*/s/ Kevin W. Fay*

Kenneth J. Grunfeld, Esquire
Kevin W. Fay, Esquire
GOLOMB SPIRT GRUNFELD, P.C.
1835 Market Street, Suite 2900
Philadelphia, PA 19103
kgrunfeld@golomblegal.com
kfay@golomblegal.com

## CERTIFICATE OF SERVICE

I, Kevin Fay, Esquire, hereby certify that on this 9th day of February, 2022, the foregoing

Response in Opposition to Defendant Safeco's Motion to Dismiss was filed via the Court's

CM/ECF Filing System.

Respectfully submitted,

*/s/ Kevin W. Fay*

Kevin W. Fay Esquire
*Attorney for Plaintiff*