# United States District Court
# Eastern District of Pennsylvania

| | |
|---|---|
| ERIC SUBER and MARY LYNNE FORREY-SUBER, on their own behalf and on behalf of all others similarly situated, | Case No. 2:21-cv-4750-GAM |
| Plaintiffs, | |
| v. | |
| Liberty Mutual Insurance Group, Inc., d/b/a Liberty Mutual Insurance, Liberty Mutual Insurance Company, Safeco Insurance Company of America, and LM General Insurance Company, | |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE DIRECTED TO LM GENERAL INSURANCE COMPANY ("LM GENERAL") REGARDING FOOTNOTE FIVE OF MOTION TO DISMISS AND PORTIONS OF LM GENERAL'S ANSWER AND <u>AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT</u>**

I.  **INTRODUCTION**

Plaintiffs recognize that a Rule 12(f) Motion to Strike is disfavored, but this remedy is warranted here. It is clearly apparent that footnote five of ECF 11-1 ("Footnote Five") is facially deficient and it should be struck in the interests of justice. Footnote Five states:

> LM General joins this section of the Non-Insuring Defendants' motion and memorandum seeking dismissal of the nationwide claims for lack of standing.

*See* Dkt. No. 11-1 at 8 n.5.[1] Footnote Five is patently deficient because LM General is not a moving party to the Motion to Dismiss at ECF 11-1 ("MTD"), and LM General's attempt to join a section of the MTD through a backdoor footnote is, at a minimum, procedurally improper.

If LM General intended Footnote Five to constitute a proper request for court action, it failed, on multiple levels, to comply with Local Rule 7.1 regarding Motion Practice. Not only is there no provision in L.R. 7.1 for using a footnote to raise a motion, but the MTD itself did not even include a proposed order. Because Footnote Five was improperly inserted on behalf of a non-moving party and there is no proposed order describing the nature of the relief sought, as well as other reasons described below, Footnote Five does not constitute a motion upon which this Court can act and therefore it should be struck.

In addition, two portions of LM General's Answer with Affirmative Defenses to Plaintiffs' Complaint should be struck. *See* Dkt. No. 12. First, the Second Affirmative Defense which reads, "LM General asserts each and every defense available to it under the terms of the contract" is too vague and unspecific to allow Plaintiffs to address the defense. *See id.* at 10. Second, the inclusion

---

[1] The Motion to Dismiss ("MTD") refers to Liberty Mutual Insurance Company ("LMIC"), Safeco Insurance Company of America ("Safeco"), and Liberty Mutual Group, Inc. ("LMG") as the "Non-Insuring Defendants." Dkt. No. 11. For the reasons set forth in Plaintiffs' Oppositions to the MTD, the label "Non-Insuring" is inaccurate; Plaintiffs hereinafter refer to these three entities collectively as the "Moving Defendants."

1

of the words "including reasonable attorneys' fees" in the WHEREFORE clause in the Answer is not supported by law or fact. *See id.* at 12.

II. **RELEVANT FACTUAL AND PROCEDURAL HISTORY**

   **A. The Complaint**

Plaintiffs filed their Complaint on October 28, 2021. Dkt. No. 1. The Complaint concerns the wrongful denial of benefits for an accident that occurred at a track in New Jersey on April 2, 2021. Dkt. No. 1 ¶ 24. The Complaint includes four claims: breach of contract; violation of Pennsylvania's unfair trade practices and consumer protection law ("UTPCPL") and other similar statutes nationwide; bad faith; and declaratory relief. *Id.* ¶¶ 57-87. Plaintiffs' Complaint asserts these claims against four Liberty Mutual entities: (1) LM General; (2) LMIC; (3) Safeco; and (4) LMG. *See id.* ¶¶ 10-16.

   **B. The Motion to Dismiss ("MTD")**

On January 10, 2022, the Moving Defendants jointly filed the MTD asserting lack of personal jurisdiction and lack of standing. Dkt. No. 11. In the MTD, the Moving Defendants disclaim any involvement with the Subers' policy. *See id.* Instead, the MTD points to Co-Defendant LM General as the sole issuer and underwriter of the Subers' policy on almost every single page of the brief, and oftentimes this message is repeated multiple times per page. *See id.* at 1, 2, 3, 4, 6, 7, and 8. The MTD characterizes LM General as the target and the Moving Defendants as innocent by-standers. *See id.*

LM General is not identified anywhere in the MTD as a movant. *See id.* Only LMIC, Safeco and LMG are identified as movants in the MTD. *See id.* At Footnote Five on page 8 of the MTD, LM General purports to join a section of the MTD that seeks dismissal of non-Pennsylvania claims

for lack of standing. *See* Dkt. No. 11-1 at 8 n.5. Significantly, the MTD does not include a proposed order describing the relief sought or by whom. *See* Dkt. No. 11.

### C. LM General's Answer

On January 10, 2022, LM General filed an Answer with Affirmative Defenses to Plaintiffs' Complaint. Dkt. No. 12. The Answer admits that LM General issued the Subers' policy and that the policy was in effect at the time of the accident on April 2, 2021. *See id.* ¶¶ 20-24. The Answer admits that LMIC's Special Investigator James Strysko interviewed Mr. Suber about the accident. *See id.* ¶ 30. The Answer represents that LM General sent the denial letter on April 16, 2021, *see id.* ¶¶ 32-33, and that coverage counsel from Post & Schell was engaged by LM General to write the subsequent denial letter on August 17, 2021. *See id.* ¶ 39.[2] LM General's Answer does not raise any affirmative defense pertaining to standing. *See* Dkt. No. 12. The Answer does not specifically allege that the Court lacks subject-matter jurisdiction over non-Pennsylvania claims. *See id.* To the contrary, the Answer states: "LM General admits Plaintiffs seek to represent a putative class whose claims confer this Court with jurisdiction under the Class Action Fairness Act." *Id.* ¶ 17.

The Second Affirmative Defense listed in the Answer states: "LM General asserts each and every defense available to it under the terms of the contract." *Id.* at 10. The "WHEREFORE" clause on the last page of the Answer seeks judgment and costs in favor of LM General, "including reasonable attorneys' fees." *Id.* at 12.

---

[2] These representations are contradicted by the exhibits attached to Plaintiffs' Complaint. *Compare* Dkt. Nos. 1-5, 1-7 (showing that April 16, 2021 and August 17, 2021 denial letters were written by representatives of LMIC/Safeco, not LM General).

### III. ARGUMENT AND CITATION OF AUTHORITY

#### A. Rule 12(f) Standard for Motion to Strike

In deciding a Rule 12(f) motion, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are decided on the pleadings alone, and should not be granted unless the relevant insufficiency is 'clearly apparent.'" *Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127, 132 (E.D. Pa. 2007) (*quoting Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986)). "[M]otions to strike generally are disfavored . . . . Indeed, striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice and should be used sparingly." *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007); *see also Landau v. Viridian Energy PA LLC*, 223 F. Supp. 3d 401, 408 (E.D. Pa. 2016) (McHugh, J). "District Courts are afforded 'considerable discretion' when addressing a motion to strike. Generally, motions to strike . . . will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Charleston v. Salon Secrets Day Spa, Inc.*, No. 08–5889, 2009 WL 1532050, at *2 (E.D. Pa. June 1, 2009) (internal citation omitted) (*citing Woods v. ERA Med LLC*, No. 08–2495, 2009 WL 141854, at *8 (E.D. Pa. Jan. 21, 2009)).

For purposes of Rule 12(f), striking an insufficient defense can "serve a useful purpose" because it can save "the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case." *United States v. Geppert Bros. Inc.*, 638 F. Supp. 996, 998 (E.D. Pa. 1986). Under Rule 12(f), "immaterial" matter is that which has no essential or important relationship to the claim for relief. *Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 488 (M.D. Pa. 2015). "Impertinent" matter consists of statements that do not pertain, and are not

necessary, to the issues in question. *Cech v. Crescent Hills Coal Co.*, No. 96–2185, 2002 WL 31002883, at *28 (W.D. Pa. 2002).

### B. Footnote Five is Immaterial, Impertinent, and Procedurally Improper

#### 1. *LM General Is Not A Movant and Did Not Submit A Proposed Order*

Federal Rule of Civil Procedure 7(b)(1) defines a motion as a "request for a court order," and requires that a motion "state with particularity the grounds for seeking the order; and state the relief sought." Fed. R. Civ. P. 7(b)(1). Local Rule 7.1 states that every motion must be accompanied by a proposed order that, if approved by the court, would grant the relief sought by the motion. L.R. 7.1(a). It is axiomatic that a motion must be brought by the party that seeks relief from the Court; one entity cannot move for the benefit of another non-moving entity.

Here, it is undisputed that LM General is not a movant to the MTD. The MTD was explicitly initiated by only LMIC, Safeco and LMG; LM General is not among this cohort. *See* Dkt. No. 11 at 1-2. This case is analogous to *Doyle v. Turner*, No. 86-2792, 1994 WL 323889, at *1 (S.D.N.Y. July 5, 1994). In that case, the Court explained:

> [A]n obscure footnote in a memorandum of law is insufficient to put plaintiffs on notice that [two co-defendants] joined this motion. Their names are conspicuously absent from the list of moving defendants included in the notice of motion. If [the two co-] defendants . . . wish to move for summary judgment on that claim, they may do so by filing a motion which clearly identifies them as moving parties. The current submission, however, is insufficient.

*Id.* This case is like *Doyle* in that LM General's name is conspicuously absent from the list of Moving Defendants. If LM General wanted to move to dismiss non-Pennsylvania claims for lack of standing, it should have done so by filing a motion that clearly identified them as a moving party. Footnote Five, however, is insufficient.

Moreover, the MTD should have included a proposed order, but it did not. For this reason alone, Footnote Five should be struck for failure to comply with L.R. 7.1. This violation of the

local rule is all the more prejudicial under the circumstances because LM General seeks relief through a backdoor footnote attached to a motion that does not facially identify LM General as a moving party. In view of this, Plaintiffs respectfully request that Footnote Five of ECF 11-1 be struck as immaterial and impertinent.

### 2. *Arguments Raised in Footnotes are Immaterial*

In this Circuit, arguments raised in a footnote, such as Footnote Five, are considered immaterial. *See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived."); *Prometheus Radio Project v. F.C.C.*, 824 F.3d 33, 53 (3d Cir. 2016) (argument "relegated to a footnote" considered waived); *Benecard Servs., Inc. v. Allied World Specialty Ins. Co.*, No. 20-2359, 2021 WL 4077047, at *1 n.3 (3d Cir. Sept. 8, 2021) (same); *Springer v. Comm'r Soc. Sec.*, No. 20-2861, 2021 WL 4796379, at *2 n.2 (3d Cir. Oct. 14, 2021) (same); *Crestwood Membranes, Inc. v. Constant Servs., Inc.*, No. 3:15-CV-537, 2018 WL 493257, at *2 (M.D. Pa. Jan. 19, 2018) (same); *see also Diesel v. Town of Lewisboro*, 232 F.3d 92, 110 (2d Cir. 2000) ("We do not consider an argument mentioned only in a footnote to be adequately raised.") (*quoting United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993)).

Here, it is undisputed that LM General attempted to join a portion of the MTD by having the Moving Defendants insert a footnote to that effect. This is not the proper vehicle for raising a motion. As such, Footnote Five is not only immaterial but also procedurally improper and does not constitute a motion upon which this Court can act. The Court should strike Footnote Five pursuant to Rules 12(f) and L.R. 7.1.

### 3. LM General's Answer Did Not Raise Standing as a Defense

In addition, Footnote Five should be struck because it attempts to assert an argument that is inconsistent with LM General's Answer. LM General may ask the court to overlook its technical violations of the rules and consider the merits of its furtive Rule 12 Motion, even though it was simultaneously filed with its Answer. A court might consider overlooking this procedural deficiency if the Rule 12 argument was preserved as a defense in the party's Answer. *See Baldwin v. Peake*, No. 08-1352, 2009 WL 1911040, at *2 n.4 (W.D. Pa. July 1, 2009) (*citing Beebe v. Williams College*, 430 F. Supp. 2d, 18, 21 (D. Mass. 2006) (though technically improper for defendant to answer complaint and simultaneously move to dismiss, error was immaterial where Rule 12(b) defenses were mentioned in the answer); *Braun Const. Serv. Inc. v. Richard's Restoration, Inc.*, No. 3:05–CV–129, 2006 WL 73617 at *1, (E.D. Tenn. Jan 11, 2006) (same)).

That is not the case here. Specifically, Footnote Five is LM General's attempt to join the MTD section that seeks dismissal of the nationwide claims for lack of standing. However, LM General's Answer does not include any affirmative defense pertaining to nationwide claims or standing. *See* Dkt. No. 12. The Answer does not specifically allege that the Court lacks subject-matter jurisdiction over non-Pennsylvania claims. *See id.* To the contrary, the Answer states: "LM General admits Plaintiffs seek to represent a putative class whose claims confer this Court with jurisdiction under the Class Action Fairness Act." *Id.* ¶ 17. Thus, at a minimum, LM General acknowledges in the Answer that the Court has jurisdiction under CAFA. *See id.* Since LM General did not preserve its Rule 12 argument in its Answer, the Court should strike Footnote Five.

### C. The Answer's Second Affirmative Defense and Demand for Attorney's Fees Should Be Struck

Defenses that are nothing more than bare bones conclusory allegations can be struck. *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 145-46 (E.D. Pa. 2011). Here, the Second Affirmative

Defense listed in the Answer states: "LM General asserts each and every defense available to it under the terms of the contract." Dkt. No. 12 at 10. This Affirmative Defense is so vague and overbroad that it constitutes a bare bones conclusory allegation that should be struck pursuant to Rule 12(f). There is no way Plaintiffs can address this Affirmative Defense.[3]

The "WHEREFORE" clause on the last page of the Answer seeks judgment and costs in favor of LM General, "including reasonable attorneys' fees." *Id.* at 12. The Answer cites no legal or factual basis whatsoever for the Court to award attorneys' fees. Again, Plaintiffs cannot be required to address this defense because it is too vague and conclusory, and therefore it should be struck.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this contested Motion to Strike and enter an order in the form proposed.

Dated: February 9, 2022

Respectfully submitted,

*/s/ Kevin W. Fay*
Kenneth J. Grunfeld, Esquire
Kevin W. Fay, Esquire
GOLOMB SPIRT GRUNFELD, P.C.
1835 Market Street, Suite 2900
Philadelphia, PA 19103
kgrunfeld@golomblegal.com
kfay@golomblegal.com
*Attorneys for Plaintiffs*

---

[3] For an example of an adequate affirmative defense that allows the Plaintiffs to understand the basis of what is being alleged, see LM General's Eighth Affirmative Defense: "Exclusion 15 of Section D of the LM General Policy bars coverage for Plaintiffs' and the putative class members' claims." Dkt. No. 12 at 11.

**CERTIFICATE OF SERVICE**

I, Kevin Fay, Esquire, hereby certify that on this 9th day of February, 2022, the foregoing Motion to Strike Directed to LM General was filed via the Court's CM/ECF Filing System.

                                                Respectfully submitted,

                                                */s/ Kevin W. Fay*
                                                Kevin W. Fay Esquire
                                                *Attorney for Plaintiffs*