UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC SUBER and MARY LYNNE FORREY-SUBER, on their own behalf and on behalf of all others similarly situated,

Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE GROUP, INC., d/b/a Liberty Mutual Insurance; LIBERTY MUTUAL INSURANCE COMPANY; SAFECO INSURANCE COMPANY OF AMERICA; and LM GENERAL INSURANCE COMPANY,

Defendants.

Civil Action No.: 2:21-cv-4750-GAM

### DEFENDANTS' REPLY IN SUPPORT OF THE NON-INSURING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

Defendants Liberty Mutual Group Inc.,[1] Liberty Mutual Insurance Company, and Safeco Insurance Company of America ("Non-Insuring Defendants") and LM General Insurance Company (collectively, "Defendants") submit this reply brief in further support of their Motion to Dismiss Plaintiffs' Complaint.

I. **Introduction.**

At its core, this is a breach-of-contract case arising out of a dispute about insurance coverage. It is undisputed that only one Defendant, LM General, issued Plaintiffs' policy. ECF

---

[1] As previously noted, and Plaintiffs admit, the Complaint mis-named Liberty Mutual Group Inc. as "Liberty Mutual *Insurance* Group, Inc." *E.g.*, ECF No. 11-3 at 3 n.1; ECF No. 22 at 6 n.1.

No. 1-1 at 6[2] ( "LibertyGuard Auto Policy Declaration provided and underwritten by LM General Insurance Company"); ECF No. 1-2 at 8 (same); ECF No. 1-5 at 2 ("Underwriting Company: LM General Insurance Company"). Despite this fact, Plainitffs named LM General and three other entities—the Non-Insuring Defendants—as defendants in an apparent attempt to expand the scope of the putative class. But the mere fact that the Non-Insuring Defendants have some relationship to LM General, or even interacted with Plaintiffs in some immaterial way, does not render them proper parties to this coverage dispute, much less subject them to the jurisidction of this Court.

In an effort to overcome fatal pleading deficiencies, Plaintiffs try to rewrite the Complaint through their response briefs.[3] But the Complaint speaks for itself, and rather than making specific allegations against each defendant as required by law, Plaintiffs simply grouped all defendants together throughout the Complaint as "Defendants" or "Liberty Mutual." Such improper group pleading fails to meet Plaintiffs' burden to establish standing and personal jurisdiction for each defendant individually. Moreover, the exhibits to Plaintiffs' Complaint, which Plaintiffs repeatedly mischaracterize in their response briefs, do not save Plaintiffs' claims.

Setting aside jurisdictional infirmities as to the Non-Insuring Defendants, Plaintiffs' nationwide class claims should be dismissed as to all Defendants because Plaintiffs lack standing to pursue nationwide putative class claims under states' laws where they do not reside and did

---

[2] Pinpoint citations to ECF documents refer to the Court-generated numbers in the top-right corner of each page.

[3] Plaintiffs improperly filed three separate briefs in response to Defendants' single joint motion to dismiss. *Compare* ECF No. 11 (Defendants' single motion), *with* ECF No. 20 (response directed at LMIC), *and* ECF No. 21 (response directed at Safeco), *and* ECF No. 22 (response directed at LMG). This is a violation of the Court's Local Rules. E.D. Pa. L.R. 7.1(c) (permitting only "*a* brief in opposition" (emphasis added)).

2

not suffer any injury. For these and the reasons set forth more fully below, the Court should reject Plaintiffs' efforts to rewrite the Complaint and grant the motion to dismiss.

## II. Argument and Citation of Authority.

### a. Plaintiffs' opposition briefs do not dispute that Plaintiffs' alleged injury relates solely to denial of coverage under their LM General Policy.

Plaintiffs' claims all arise out of the fact that Plaintiffs were denied coverage under their LM General insurance policy. No matter how Plaintiffs attempt to spin the facts, LM General, not any of the Non-Insuring Defendants, underwrote Plaintiffs' policy and insured Plaintiffs' Porsche 718. ECF No. 1-1 at 6, 9; ECF No. 1-2 at 2, 8. And Plaintiffs' only alleged injury is that they did not receive the benefits they were allegedly owed under their LM General policy. *E.g.*, ECF No. 1 ("Complaint") ¶¶ 64, 69, 73, 86. The law is well-settled: plaintiffs have no standing to assert insurance-related claims, like those at issue here, against non-insuring defendants. *E.g.*, *Johnson v. GEICO Cas. Co.*, 673 F. Supp. 2d 244 (D. Del. 2009) (holding plaintiff lacked standing against casualty and general insurance entities that did not issue her insurance policies); *Lee v. Am. Nat. Ins. Co*., 260 F.3d 997, 1002 (9th Cir. 2001) (holding plaintiff lacked standing "because he did not buy any policy from [an insurance-company defendant] and so did not suffer any injury due to [that company's] conduct"); *Perez v. State Farm Mut. Auto. Ins. Co*., No. C 06-01962 JW, 2011 U.S. Dist. LEXIS 135844, at *9–10, 12 (N.D. Cal. Nov. 15, 2011) (granting Rule 12(b)(1) motion to dismiss based on facial attack because "[w]here a plaintiff 'did not buy any policy from [an insurance-company defendant] and so did not suffer any injury due to [that company's] conduct,' that plaintiff lacks Article III standing to bring a case in relation to an insurance policy against that defendant." (*quoting Lee*, 260 F.3d at 1001–02)); *Stack v. Progressive Select Ins. Co*., No. 20-cv-00338-LB, 2020 U.S. Dist. LEXIS 167903, at *17 (N.D. Cal. Sept. 14, 2020) (granting Rule 12(b)(1) motion to dismiss based on facial attack and

dismissing plaintiff's claims because she did "not establish any involvement of any entity but" the insuring entity).[4]

Without citing to any of these cases, Plaintiffs contend they are distinguishable because they all involved "'innocent by-stander' corporate entities that were related to the target only by corporate structure." ECF No. 20 at 15; ECF No. 21 at 13; ECF No. 22 at 14. That is simply wrong. For example, in *Perez,* the plaintiffs "contend[ed] that the alter ego doctrine support[ed]" their "standing to sue the" non-insuring entities. 2011 U.S. Dist. LEXIS 135844, at *15. The court rejected this argument because the plaintiffs did not "offer specific facts" to support the allegations against the non-insuring entities and dismissed plaintiffs' claims for lack of standing. *Id.* at *16–17.

Similarly, in *Stack*, the plaintiff alleged there was subject-matter and personal jurisdiction as to the non-insuring entities because they: (1) were agents, subsidiaries, or parents of the insuring entity; (2) aided and abetted the insuring entity; and (3) were co-conspirators that had express or implied agreements with the insuring entity. 2020 U.S. Dist. LEXIS 167903, at *7.

---

[4] *E.g.*, *Willis v. Gov't Emps. Ins. Co.*, No. 13-280 KG/KK, 2016 U.S. Dist. LEXIS 189398, at * 8 (D.N.M. Feb. 18, 2016) (granting Rule 12(b)(1) motion to dismiss based on factual attack because "Plaintiffs [did] not demonstrate[] that they [had] Article III standing to bring their lawsuit against [the non-insuring entity]."); *Hovenkotter v. Safeco Corp.*, No. C09-218JLR, 2009 U.S. Dist. LEXIS 129596, at *11 (W.D. Wash. Aug. 3, 2009) (granting Rule 12(b)(1) motion to dismiss based on facial attack holding Plaintiff lacked standing because he did "not link his injury with any action taken by either Safeco America or Safeco Corporation," two entities that did not issue his policy); *Aguilar v. Allstate Fire & Cas. Ins. Co.*, No. 06-4660, 2007 U.S. Dist. LEXIS 16073, at *13-14 (E.D. La. Mar. 5, 2007) (granting Rule 12(b)(1) motion to dismiss based on facial attack because "[t]he plaintiffs' concession that none of the named plaintiffs were insured by either Allstate Fire and Casualty or Allstate Property and Casualty is a concession that they lack standing to sue those defendants. And their attempts to establish Article III standing 'through the backdoor of a class action' is unavailing."); *Fireman's Ins. Co. of Wash. D.C. v. Erie Ins. Prop. & Cas. Co.*, No. 5:19-cv-02912-JMG, 2021 U.S. Dist. LEXIS 65762, at *4-5 (E.D. Pa. Apr. 5, 2021) (granting insurers' summary-judgment motion because they did not "issue[] the subject insurance policies").

Like in *Perez*, the court rejected the plaintiff's unsupported jurisdictional allegations and dismissed the claims against the non-insuring entities for lack of standing and lack of personal jurisdiction. *Id*. at * 16–20.

Unlike here, the plaintiffs in *Perez* and *Stack* specifically alleged the courts had jurisdiction because the non-insuring entities controlled or participated in the insuring entities actions that gave rise to the alleged injury. *See generally* Compl. Yet the courts rejected the plaintiffs' allegations and dismissed the claims for lack of standing. The Court should follow these on-point cases and dismiss Plaintiffs' claims against the Non-Insuring Defendants for lack of standing and lack of personal jurisdiction. *E.g.*, *Stack*, 2020 U.S. Dist. LEXIS 167903, at * 16–20; *Victorian Family L.L.L.P. v. Ohio Sec. Ins. Co.*, No. 19-CV-2159-CAB-WVG, 2020 U.S. Dist. LEXIS 12123, at *4–5 (S.D. Cal. Jan. 23, 2020) (granting Rule 12(b)(6) motion to dismiss against non-insuring Liberty Mutual entity because "[a]lthough there is a 'Liberty Mutual Insurance' logo on the policy, there is no evidence that this means the entity Liberty Mutual Insurance Company was a party to the contract").

### b. The group allegations in Plaintiffs' Complaint are facially insufficient to establish Plaintiffs' standing or personal jurisdiction as to the Non-Insuring Defendants.

The Court also should dismiss Plaintiffs' claims because Plaintiffs' Complaint does not allege facts sufficient to establish standing or personal jurisdictional as to each Non-Insuring Defendant. *See*, *e.g.*, ECF No. 11-1 at 3 ("Defendants' Memorandum") ("Plaintiffs try to manufacture jurisdiction over the Non-Insuring Defendants by treating these separate and distinct legal entities as a singular group, describing them as 'Defendants' or 'Liberty Mutual.'"). Lumping all defendants together in a complaint is not enough.

Plaintiffs must establish standing and personal jurisdiction as to each Defendant for each claim. *See Genesis Int'l Holdings v. Northrop Grumman Corp.*, 238 F. App'x 799, 803 (3d Cir.

2007) (affirming dismissal of certain defendants under Rule 12(b)(2) and holding "each defendant's contacts with the forum must instead "be assessed individually" (cleaned up)); *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 245 (3d Cir. 2012) ("Since standing is not dispensed in gross, a plaintiff who raises multiple causes of action must demonstrate standing for each claim he seeks to press." (cleaned up)). Group pleading—i.e., lumping all defendants together as a single entity—does not satisfy Plaintiffs' burden to establish their standing to bring claims against the Non-Insuring Defendants. *Cf. Young Cho v. Prudential Ins. Co. of Am.*, No. 19-19886 (JMV) (SCM), 2021 U.S. Dist. LEXIS 185397, at *17 (D.N.J. Sept. 27, 2021) ("Similarly, Plaintiff's claims broadly attributing misconduct to all 'Defendants' generally do not satisfy the basic pleading requirement to provide adequate notice to each Defendant of the specific claims against him.").

Group pleading also fails to establish personal jurisdiction over each defendant. *Berdeaux v. OneCoin Ltd.*, No. 19-CV-4074 (VEC), 2021 U.S. Dist. LEXIS 178816, at *15-16 (S.D.N.Y. Sep. 20, 2021) ("This [group-pleading] tactic is plainly impermissible to satisfy Plaintiffs' burden to establish a prima facie case of personal jurisdiction against each Defendant as to each claim asserted."). Plaintiffs' opposition briefs make clear they rely almost exclusively on insufficient group pleading to establish jurisdiction. *See*, *e.g.*, ECF No. 20 at 7–8 ("The Complaint refers to [all Defendants] collectively as 'Defendants' or 'Liberty Mutual.'").

Plaintiffs' attempt to rewrite the Complaint and recast their claims through their opposition briefs is unavailing and does not pass pleading muster. For example, Plaintiffs contend the Complaint alleges that Safeco and LMIC were "intimately involved in the administration and investigation of the Subers' claim and its denial." *Id*. at 6 (citing Compl. ¶¶ 29–35, 39); ECF No. 21 at 6 (citing Compl. ¶¶ 29–35, 39). But these paragraphs merely refer to "Defendants" or "Liberty Mutual." Compl. ¶¶ 29–35, 39. There are no specific allegations directed at "LMIC,"

"Liberty Mutual Insurance Company," "Safeco," or "Safeco Insurance Company of America" in these paragraphs. *See id*. Plaintiffs also claim that "[t]he Complaint alleges that LMG issued and underwrote the Plaintiffs' policy and also wrongfully denied Plaintiffs' claim." ECF No. 22 at 9 (citing Compl. ¶¶ 6–8, 29–45). But again, none of the paragraphs Plaintiffs' cite have allegations specific to "LMG," "Liberty Mutual Group Inc.," or even the incorrectly named "Liberty Mutual Insurance Group." Compl. ¶¶ 29–35, 39.[5] And the policy itself belies any such claim. No. 1-1 at 6 ("LibertyGuard Auto Policy Declaration provided and underwritten by LM General Insurance Company"); ECF No. 1-2 at 8 (same); *see* ECF No. 1-5 at 2 ("Underwriting Company: LM General Insurance Company"). Plaintiffs' Complaint is facially deficient, and Plaintiffs cannot add new allegations through opposition briefs. *Commw. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *see also Frederico v. Home Depot,* 507 F.3d 188, 201 (3d Cir. 2007) (holding the Court cannot "consider after-the-fact allegations in determining the sufficiency of her complaint.")

Plaintiffs further try to remedy their pleading deficiencies by citing exhibits attached to the Complaint. *E.g.*, ECF No. 21 at 8 (citing ECF No. 1-5, Ex. E to Compl.). But the allegations in the Complaint that reference these exhibits, again, refer to all Defendants together as "Defendants" or "Liberty Mutual." And attaching an exhibit to the Complaint is not a substitute for Plaintiffs' burden of including factual allegations in the Complaint. *Bervinchak v. E. Hempfield Twp.*, No. 5:20-cv-05421, 2021 U.S. Dist. LEXIS 114786, at *10-11 (E.D. Pa. June 21, 2021) (citing *Digenova v. Unite Here Loc. 274*, 673 F. App'x 258, 260 (3d Cir. 2016)).

---

[5] These are only a few of the myriad examples across the three opposition briefs where Plaintiffs incorrectly contend the Complaint includes specific allegations about the Non-Insuring Defendants.

Moreover, as addressed more fully in Section II.e below, Plaintiffs misconstrue and mischaracterize these exhibits in their opposition briefs.

Because the Complaint relies wholly on impermissible group pleading to support jurisdictional allegations, Plaintiffs' claims against the Non-Insuring Defendants should be dismissed for lack of standing and lack of personal jurisdiction. *E.g.*, *Berdeaux*, 2021 U.S. Dist. LEXIS 178816, at *15-16; *TSMC Tech., Inc. v. Zond, LLC*, No. 14-721-LPS-CJB, 2015 U.S. Dist. LEXIS 1834, at *9–10 (D. Del. Jan. 8, 2015) (dismissing complaint for lack of standing where "the only allegation that specifically mentions [a certain defendant] comes in the paragraph in which Plaintiffs list [the defendant's] state of incorporation and the location of its place of business").

### c. Exhibits attached to Plaintiffs' Complaint do not support standing or exercising personal jurisdiction as to any Non-Insuring Defendant.

Setting aside the fact that Plaintiffs repeatedly mischaracterize the exhibits to the Complaint, as explained below, those exhibits do not support Plaintiffs' standing to sue the Non-Insuring Defendants or the Court's ability to exercise personal jurisdiction.

*i. The coverage-denial letter was not sent from a Safeco Insurance Company of America employee or on behalf of any Safeco entity.*

The Safeco opposition brief claims that a coverage-denial letter sent to Plaintiffs supports specific personal jurisdiction and standing as to Safeco. ECF No. 21 at 10 (citing Exhibit E to Compl., ECF No. 1-5); *id*. at 13 (same). But the denial letter (Exhibit E) makes clear that there is one underwriting company for Plaintiffs' policy: "Underwriting Company: ***LM General Insurance Company***." ECF No. 1-5 at 2 (emphasis added). Although the letter contains that logo and generic name of "Safeco Insurance,"[6] nothing in the letter references the defendant entity

---

[6] Notably, there is no entity simply named "Safeco Insurance."

Safeco Insurance Company of America. *See id*. And more importantly, using the generic logo or name for a group of separate but related entities on a letter does not mean an employee was acting on behalf of a related entity. *See Victorian Family*, 2020 U.S. Dist. LEXIS 12123, at *4–5 (granting Rule 12(b)(6) motion to dismiss against non-insuring Liberty Mutual entity because "[a]lthough there is a 'Liberty Mutual Insurance' logo on the policy, there is no evidence that this means the entity Liberty Mutual Insurance Company was a party to the contract"); *Buffalo Xerographix, Inc. v. Hartford Ins. Grp.*, 540 F. Supp. 3d 382, 391 (W.D.N.Y. 2021) ("However, using a parent company's logo on documents does not empower a subsidiary to act as the corporate parent's agent or provide a basis for parent liability . . . . The use of the [parent] name and trademark by subsidiaries and parent alike does not make the parent a party to policies issued by the subsidiaries.").

> ii. As to LMIC, Plaintiffs, again, mischaracterize the coverage-denial letter, and sharing employees is insufficient to create jurisdiction.

Like the Safeco opposition, Plaintiffs' LMIC opposition claims that the coverage-denial letter to Plaintiffs was sent from an employee "at LMIC/Safeco." ECF No. 20 at 11 (citing ECF No. 1-5). But again, the letter expressly states that the "Underwriting Company" for Plaintiffs' policy was "LM General Insurance Company." ECF No. 1-5 at 2. The letter includes the generic logo and name "Liberty Mutual Insurance," **not** the Defendant "Liberty Mutual Insurance Company." *Id*.

Plaintiffs also contend that a letter they received from an attorney on behalf of LMIC and an LMIC investigator acting on LM General's behalf provide jurisdiction over LMIC. *See* ECF No. 20 at 11. But the letter was simply reiterating why Plaintiffs' claim under their LM General policy was denied. ECF No. 1-7 at 2 (noting the letter was "in response to your letters challenging Liberty Mutual's denial of coverage" for Mr. Suber's Thunderbolt HPDE accident). And as noted

9

above, the coverage-denial letter clearly states LM General was the underwriter. ECF No. 1-5 at 5. Moreover, sharing employees between affiliated entities does not create jurisdiction over LMIC. *See also Fellheimer v. Fairmont Hotels & Resorts, Inc.*, No. 03-1677, 2003 U.S. Dist. LEXIS 26733, at *21-22 (E.D. Pa. Nov. 19, 2003) ("Finally, the various entities allegedly share officers, employees, office space, and sales leads. Even in the light of this extensive evidence, the plaintiffs have not convinced our court that piercing the corporate veils of the defendants is proper."); *Ranza v. Nike, Inc*., 793 F.3d 1059, 1074 (9th Cir. 2015) (affirming dismissal based on lack of personal jurisdiction and holding: "Some employees and management personnel move between the entities, but that does not undermine the entities' formal separation.").

> iii. *None of the allegations that are purportedly specific to LMG are sufficient to confer standing or personal jurisdiction.*

Plaintiffs' LMG opposition brief admits in the opening sentence and footnote that Plaintiffs "incorrectly named" "Liberty Mutual Group, Inc." as "Liberty Mutual Insurance Group, Inc." ECF No. 22 at 6; *id*. at 6 n.1. But Plaintiffs, curiously, proceed to argue that "[t]he last page of the Suber policy is signed by 'Liberty Mutual Insurance Group,'" which provides the Court with personal jurisdiction over LMG. *Id*. at 10. But there is no legal entity named "Liberty Mutual Insurance Group." *See* ECF No. 11-3 at 3 n.1; ECF No. 11-4 at 2 n.1. And nothing about the generic name "Liberty Mutual Insurance Group" on the last page of Plaintiffs' policy suggests it's a "signature" on behalf of a legal entity. *Compare* ECF No. 1-1 at 6, *with id*. at 37. Plaintiffs' assertion that "the prominent display of the Liberty Mutual name and logo all over the policy itself" somehow confers jurisdiction is incorrect. ECF No. 22 at 10. *See Buffalo Xerographix, Inc.*, 540 F. Supp. 3d at 391; *see also* Section II.d. at 12 n.9 *infra*, footnote (collecting cases dismissing non-insuring entities for lack of jurisdiction).

Plaintiffs also contend that an html address in the LM General coverage-denial letter that "re-directs to another website that is apparently affiliated with 'Liberty Mutual Group'" establishes standing and personal jurisdiction over LMG. ECF No. 22 at 10, 14. But nothing in Plaintiffs' Complaint or opposition brief alleges—nor could it—that this website is "aimed" specifically at Pennsylvania, which is required for a website alone to create jurisdiction. *Ackourey v. Andre Lani Custom Clothiers*, No. 12-1686, 2012 U.S. Dist. LEXIS 168537, at *15 (E.D. Pa. Nov. 28, 2012). Moreover, did Plaintiffs' alleged injuries did not have anything to do with visiting the website in question. *See generally* Compl.

### d. Plaintiffs do not advance the "majority" position on nationwide standing, and Plaintiffs conflate their claims with claims brought under federal statutes.[7]

Plaintiffs also argue that "Plaintiffs align with the majority view" regarding a named plaintiff's standing to bring claims under the laws of states where the named plaintiff does not reside and did not suffer an injury. *See* ECF No. 20 at 189; ECF No. 21 at 18; ECF No. 22 at 17.[8] But the weight of authority—in the Third Circuit and nationwide—holds that a named plaintiff does ***not*** have standing to pursue claims in states where the named plaintiff does not reside or did not suffer an injury. *E.g.*, *In re Niaspan Antitrust Litig.,* 42 F. Supp. 3d 735, 758 (E.D. Pa. 2014) ("Because standing must be resolved on a claim-by-claim basis, the Court agrees with defendants that the named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury." (cleaned up)); *In re Wellbutrin XL Antitrust Litig.,* 260 F.R.D. 143, 157–58 (E.D. Pa. 2009) (holding plaintiffs failed to allege standing

---

[7] Defendant LM General joins this section of the Non-Insuring Defendant's reply brief.

[8] The sections regarding Plaintiffs' standing to pursue nationwide class claims are virtually identical in each of Plaintiffs' three opposition briefs. *Compare* ECF No. 20 at 18–21, *with* ECF No. 21 at 17–20, *and* ECF No. 22 at 16–19. To avoid unnecessary, duplicative citations, Defendants will cite to one of Plaintiffs' briefs regarding this section.

11

because "[t]he amended complaint . . . provide[d] no facts on which to find a connection between an alleged injury and some wrongful conduct that would implicate the laws of those states in which no plaintiff, or any of their reimbursed members, resides"); *In re Flonase Antitrust Litig.*, 610 F. Supp. 2d 409, 418–19 (E.D. Pa. 2009) (holding, at the pleading stage, that named plaintiffs only had standing in states where they were located), *aff'd*, 879 F.3d 61 (3d Cir. 2017); *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 223 (D.N.J. 2020) ("Accordingly, the Court finds that Plaintiffs lack standing to assert claims on behalf of unnamed plaintiffs in jurisdictions where Plaintiffs have suffered no alleged injury.").[9]

Plaintiffs' reliance on *Mielo v. Steak 'n Shake Operations, Inc.,* 897 F.3d 467, 480 (3d Cir. 2018) misses the mark. *E.g.*, ECF No. 20 at 20. In *Mielo*, the named plaintiff sought relief

---

[9] *E.g.*, *Talbert v. Am. Water Works Co.*, 538 F. Supp. 3d 471, 481 (E.D. Pa. May 7, 2021) (holding on a Rule 12(b)(1) motion that plaintiffs could not represent a nationwide class and, instead, could only represent classes in two states where they were purportedly injured); *Withrow v. FCA US LLC*, No. 19-13214, 2021 U.S. Dist. LEXIS 114908, at *26–27 (E.D. Mich. June 21, 2021) (holding named plaintiffs did not have "standing to bring claims under the law of states other than their home states or the ones where they" suffered an alleged injury); *Van Mourik v. Big Heart Pet Brands, Inc.*, No. 17-cv-3889-JD, 2018 U.S. Dist. LEXIS 34796, at *3-4 (N.D. Cal. Mar. 1, 2018) (holding Texas resident who suffered alleged injury in Texas did not have standing to pursue claims under California law because "[d]istrict courts in our circuit have dismissed state law class claims for lack of standing before the class certification stage where no named plaintiff resides in or otherwise interacted with the state."); *In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 2924 20-MD-2924, 2020 U.S. Dist. LEXIS 245338, at *68 (S.D. Fla. Dec. 31, 2020) (holding "named plaintiffs in class actions have, time and again, been prohibited from asserting claims under a state law other than that which the plaintiff's own claim arises." (cleaned up)); *Knapp v. Zoetis Inc.*, No. 3:20cv191, 2021 U.S. Dist. LEXIS 63783, at *22-23 (E.D. Va. Mar. 31, 2021) ("District courts within the Fourth Circuit have consistently held that plaintiffs do not have standing to bring claims under the statutes or laws of a state where they: (1) do not reside; and, (2) have not been harmed."); *Heater v. GM, LLC*, No. 1:21CV24, 2021 U.S. Dist. LEXIS 201548, at *33 (N.D.W. Va. Oct. 20, 2021) (holding named plaintiff "lack[ed] standing to bring claims on behalf of a nationwide class*"); Hassan v. Lenovo (U.S.), Inc.*, No. 5:18-CV-105-BO, 2019 U.S. Dist. LEXIS 2428, at *6 (E.D.N.C. Jan. 6, 2019) ("Plaintiff cannot allege that he has suffered an injury under the consumer-protection statute of any state but New York, so he is not entitled to have this Court decide the merits of hypothetical violations of other states' consumer-protection laws."); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 920-923 (N.D. Ill. 2009) (holding plaintiffs lacked standing to assert claims under the laws of states where no named plaintiff resided), *aff'd sub nom. by Minn-Chem, Inc. v. Agrium Inc.*, 683 F.3d 845 (7th Cir. 2012); *see*

under the federal Americans with Disabilities Act ("ADA"), which "seeks to 'provide a clear and comprehensive *national mandate* for the elimination of discrimination against individuals with disabilities.'" *Mielo*, 897 F.3d at 475 (quoting 42 U.S.C. § 12101) (emphasis added). The ADA, unlike Plaintiffs' purported claims under unidentified states' laws, applies uniformly nationwide. *See id*. So unlike here, the question before the Third Circuit was not whether the named plaintiff could pursue claims *under the law of a state* where the named plaintiff didn't reside or suffer injury. *See id*.; *e.g.*, *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d at 758 ("Because standing must be resolved on a claim-by-claim basis, the Court agrees with defendants that the named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury."). The question in *Mielo* was whether the named plaintiff could pursue claims under a federal statute that applied in all 50 states. *Mielo*, 897 F.3d at 475.[10]

Plaintiffs quote this Court's order from *Mayo v. TitleMax of Delaware,* No. 21-2964, 2022 WL 62533, at *6 (E.D. Pa. Jan. 4, 2022) (McHugh, J.) for the proposition that three on-point cases from this district—*In re Niaspan*, *In re Wellbutrin*, and *Talbert*—are "'significantly limited by the cursory nature of the analysis contained in those opinions.'" ECF No. 20 at 20–21. But the Court's order in *Mayo* did not address whether a named plaintiff has standing to bring nationwide putative class claims under the laws of states where the plaintiffs did not reside or suffer any

---

*also Cornelius v. Fidelity Nat'l Title Co*., No. 08-754, 2009 U.S. Dist. LEXIS 22674, at * 27 (D. Wash. March 9, 2009) (holding that plaintiffs who do not allege that they suffered the invasion of a legally protected interest under the laws of any state other than Washington did not have standing to represent unnamed out-of-state plaintiffs: "The Complaint fails to name plaintiffs who have suffered the injuries giving rise to claims under the out of state [consumer protection acts]. The current Plaintiffs have no standing to bring those claims, and they will be dismissed pursuant to Defendants' motion.").

[10] Notably, the Third Circuit held the district court abused its discretion and reversed the order certifying a Rule 23(b)(2) class because the named plaintiff failed to satisfy Rule 23(a)'s numerosity and commonality requirements. *Mielo*, 897 F.3d at 491.

injury. *See generally Mayo*, 2022 WL 62533.[11] Plaintiffs contend *Mielo* and *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353 (3d Cir. 2015) are "controlling Third Circuit precedent." *E.g.*, ECF No. 20 at 21–22. But neither *Mielo*—discussed above—nor *Neale* addressed the issue presented here. 794 F.3d 353, 358 (3d Cir. 2015). Rather, *Neale* considered whether "all *[absent] putative class members* must have Article III standing" at the pleadings stage, *id.* (emphasis added), not whether a *named plaintiff* must have standing to bring claims under different states' laws.

Plaintiffs also rely on *Langan v. Johnson & Johnson Consumer Cos.,* 897 F.3d 88, 95 (2d Cir. 2018), which has been rejected in several recent decisions. *See e.g.*, *Withrow*, 2021 U.S. Dist. LEXIS 114908, at *25–26; *Rivera v. Invitation Homes*, No. 18-cv-03158-JSW, 2019 U.S. Dist. LEXIS 237189, at *6–8; *In re Zantac*, 2020 U.S. Dist. LEXIS 245338, at *70. For example, in *Withrow*, the court noted that *Langan*'s approach of considering the issue under Rule 23(b)(3)'s predominance requirement was illogical because (1) "nothing suggest[s] that the drafters of Rule 23(b)(3)'s predominance standard sought to replace the traditional Article III standard," and (2) the test for standing and test for predominance "are different." 2021 U.S. Dist. LEXIS 114908. at *25; *see also Cramer v. Florida*, 117 F.3d 1258, 1264 n.16 (11th Cir. 1997) ("Nor does bringing a claim as a class action under Fed. Rule Civ. P. 23 provide an independent basis for federal court subject matter jurisdiction.") (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 135–36, (1992)). The court went on to hold that the traceability requirement for standing is based on "'the defendant's allegedly *unlawful* conduct.'" *Withrow,* 2021 U.S. Dist. LEXIS 114908. at *28 (quoting *California v. Texas*, 141 S. Ct. 2104, 2112 (2021) (emphasis in original)). That is, "there [was]

---

[11] And of the three cases, Plaintiffs only attempt to distinguish *Talbert*, but Plaintiffs incorrectly contend *Talbert* did not discuss controlling precedent. ECF No. 20 at 21.

no causal connection between the 'challenged conduct'" under one state's laws and the plaintiff's alleged injury that occurred in his home state under his home states laws. *Id*. at 27–28.

The lack of a causal connection is even more distinct here. Plaintiffs' sole alleged injury is that LM General did not provide the benefits Plaintiffs were purportedly owed under their *Pennsylvania* personal automobile insurance policy. *E.g*., Defs.' Mem. at 6–7; ECF No. 1-1 at 5, 11, 17, 37. In contrast, each of the relevant cases Plaintiffs rely upon involved injuries arising out of products that were uniformly sold nationwide. *See Langan*, 897 F.3d at 91 (considering baby products labeled uniformly "natural" across states); *In re Generic Pharm. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 820–26 (E.D. Pa. 2019) (relating to certain generic drugs that were uniform across states). Further, the plaintiffs in these cases asserted claims under specific statutes from specific states. *Langan*, 897 F.3d at 91–92 (asserting claims under "the Connecticut Unfair Trade Practices Act (CUTPA), as well as the state consumer protection laws of twenty other states"); *In re Generic Pharms.*, 368 F. Supp. 3d at 824–25 (listing specific states and specific claims brought under those state's laws). Here, Plaintiffs allege amorphous claims under unidentified "other similar statutes nationwide" for unidentified states with different policies. *E.g*. Compl. ¶ 68.

The Court should follow the legion of well-reasoned cases and dismiss Plaintiffs' nationwide putative class claims because Plaintiffs live in Pennsylvania, had a Pennsylvania policy controlled by Pennsylvania law, and were denied benefits (i.e. "injured") in Pennsylvania. *E.g*., *In re Niaspan Antitrust Litig.,* 42 F. Supp. 3d at 758.

    **e. Plaintiffs waived any argument as to general jurisdiction.**

In each of Plaintiffs' duplicative opposition briefs, Plaintiffs argue in a footnote that the Court has general jurisdiction over the Non-Insuring Defendants. *E.g.,* ECF No. 20 at 5 n.3. But as Plaintiffs themselves noted in their Motion to Strike, arguments raised in a footnote are considered waived. *See John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076

n.6 (3d Cir. 1997) (holding that "arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived"); *see also Skretvedt v. E.I. DuPont de Nemours*, 372 F.3d 193, 202-04 (3d Cir. 2004) ("[P]assing reference to an issue will not suffice to bring that issue before this court.") (quotations omitted).

Accordingly, any argument regarding general jurisdiction was waived. *See Crockett v. Luitpold Pharms., Inc.*, No. 19-276, 2020 U.S. Dist. LEXIS 102216, at *6 (E.D. Pa. June 11, 2020) (finding the plaintiff waived her general jurisdiction argument by failing to respond to it (citing *United States v. Healy*, No. 1:cr-09-319, 2013 U.S. Dist. LEXIS 54320, at *1–2 (M.D. Pa. Apr. 15, 2013) ("[I]ssues not briefed are deemed waived. Where a party makes no more than a single mention of the claim, the claim is consequently waived."))); *see also In re Asbestos Prods. Liab. Litig. (No. VI)*, 873 F.3d 232, 237 (3d Cir. 2017) (holding that an "attempt to shoehorn in an argument" using a footnote constituted waiver of that argument).

## III. Conclusion.

Here, Plaintiffs have failed to allege facts sufficient to establish standing or personal jurisdiction as to the Non-Insuring Defendants. In addition, Plaintiffs lack standing to assert nationwide putative class claims as to any Defendant. Nothing in Plaintiffs' three disjointed opposition briefs changed these outcomes. The Non-Insuring Defendants respectfully request that their Motion be granted, and that all claims against them be dismissed with prejudice. And LM General requests the nationwide putative class claims be dismissed against it with prejudice.

Dated: March 11, 2022

*/s/ Tiffany Powers*
Tiffany Powers (PA ID: 310263)
Elizabeth Helmer (*pro hac vice* forthcoming)
ALSTON & BIRD LLP
One Atlantic Center
1201 W Peachtree St NE, Suite 4900
Atlanta, GA 30309
Tel.: 404-881-7000
tiffany.powers@alston.com
elizabeth.helmer@alston.com

Christopher Rubinate (PA ID: 307425)
Bennett, Bricklin & Saltzburg LLC
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
rubinate@bbs-law.com
*Attorneys for Defendants,*
*Liberty Mutual Group Inc., Liberty Mutual*
*Insurance Company, Safeco Insurance Company*
*of America, and LM General Insurance Company*

**CERTIFICATE OF SERVICE**

I certify that on this 11th day of March 2022, I filed the foregoing using the Court's CM/ECF system, which will cause it to be served on all parties in this case. The foregoing will be available for viewing and downloading from the Court's ECF system.

_____
Christopher J. Rubinate, Esq.
*Counsel for Defendants,*
*Liberty Mutual Group Inc., Liberty*
*Mutual Insurance Company, Safeco*
*Insurance Company of America, and*
*LM General Insurance Company*