# United States District Court
# Eastern District of Pennsylvania

| | |
|---|---|
| ERIC SUBER and MARY LYNNE FORREY-SUBER, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Liberty Mutual Insurance Group, Inc., d/b/a Liberty Mutual Insurance, Liberty Mutual Insurance Company, Safeco Insurance Company of America, and LM General Insurance Company,<br><br>Defendants. | Case No. 2:21-cv-4750-GAM |

### PLAINTIFFS' SUR-REPLY BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs respectfully submit this Sur-reply Brief in the hopes of illuminating several deficiencies in Moving Defendants' Reply Brief [ECF 28].

**I.      Moving Defendants Ignore the Panos Declaration**

As a threshold matter, the Reply Brief is silent on the Panos Declaration. Moving Defendants did not even address the fact that the Panos Declaration essentially admits that the Court has personal jurisdiction and subject matter jurisdiction over at least LMIC and Safeco.

**II.     The Cases Cited by Moving Defendants Do Not Support their Arguments**

Moving Defendants' claim on page 5 of the Reply that *Stack* and *Victoria Family* are "on-point" is pure sophistry. These cases are not precedential. *Stack* is further distinguished because the "target" insurance company successfully moved for dismissal under Rule 12(b)(6) and won, in part, because plaintiff did not plead an actual misrepresentation. *Stack v. Progressive Select Ins. Co.*, No. 20-cv-338, 2020 WL 5517300, at *6-7 (N.D. Cal. Sept. 14, 2020). Here, by contrast, the

1

"target" insurance company defendant who issued the policy, LM General, did not move under Rule 12, but instead filed an Answer to Plaintiffs' class action claims for Bad Faith, Unfair Trade Practices, Breach of Contract, and Declaratory Relief. The Court should ignore *Stack*.

*Victoria Family* is equally inapt because, as Moving Defendants concede, that case is about a Rule 12(b)(6) Motion. *See* ECF 28 at 5. There is no such motion at issue here. Plus, the only claims in *Victoria Family* were breach of contract and breach of the duty of good faith and fair dealing. *Victoria Family Limited Liability Limited Partnership v. Ohio Sec. Ins. Co.*, No. 19-cv-2159, 2020 WL 376220, at *2 (S.D. Cal. Jan. 23, 2020). Here, in addition to breach of contract, there are also claims for Bad Faith, Unfair Trade Practices, and Declaratory Relief. The Court should disregard *Victoria Family*.

### III. Moving Defendants Misapply the Jurisdictional Standard

Moving Defendants' Reply Brief leans heavily on the assumption that the sole determining factor for whether jurisdiction exists is to look at who "issued" the policy, and nothing else. This is erroneous. Jurisdictional questions are not so narrowly construed. Due process requires that the cause of action simply arise out of or relate to the defendant's contacts with the forum state. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). To have standing, Plaintiffs' injury need only be fairly traceable to defendant's actions. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). These standards are broad and allow the Court to focus on the relationship among the defendants, the forum, and the litigation. *See Edmonson v. Lincoln Nat. Life Ins. Co.*, 725 F.3d 406, 418 (3d Cir. 2013).

Here, it is undisputed that representatives and agents for Moving Defendants purposefully sent letters and phone calls directed at Plaintiffs in Pennsylvania regarding the very insurance policy and claim that are the subjects of this litigation. These facts are more than enough for the

Court to find that jurisdiction exists. Moving Defendants' standard would elevate form over substance and give affiliated corporate defendants in the insurance world the power to insulate themselves from ever being sued in any foreign court. That is not the law in this Circuit.

## IV. Issues of Fact Predominate

Moving Defendants' remaining arguments in their Reply Brief are mere factual disputes that poignantly demonstrate why discovery must proceed. For example, Moving Defendants argue that it is permissible for them to share employees with each other. *See* Dkt. No. 28 at 10. Regardless of whether this is true or not, the nature of these relationships remains unclear. Moving Defendants accuse Plaintiffs of improper "group pleading," but Defendants do not profess to have any actual confusion about the roles played by each of the Moving Defendants in the scheme to defraud the Subers and the Class. In fact, there is no confusion about who did what. The Complaint plausibly alleges that employees for Moving Defendants took actions that caused Plaintiffs harm. The Complaint and its Exhibits show how Moving Defendants' agents were inextricably intertwined in the investigation and denial of Plaintiffs' claim. At this stage, all reasonable inferences must be resolved in Plaintiffs' favor, not Defendants. The Court should deny the Motion to Dismiss and permit further investigation of these issues in discovery.

* * * * *

For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss.

| Dated: March 23, 2022 | Respectfully submitted, |
|---|---|
| | */s/ Kevin W. Fay* |
| | Kenneth J. Grunfeld, Esquire |
| | Kevin W. Fay, Esquire |
| | GOLOMB SPIRT GRUNFELD, P.C. |
| | 1835 Market Street, Suite 2900 |
| | Philadelphia, PA 19103 |
| | *Attorneys for Plaintiffs* |

3

## CERTIFICATE OF SERVICE

I, Kevin Fay, Esquire, hereby certify that on this 23rd day of March, 2022, the foregoing Response in Opposition to Defendants' Motion to Dismiss was filed via the Court's CM/ECF Filing System.

                                                Respectfully submitted,

                                                */s/ Kevin W. Fay*
                                                Kevin W. Fay Esquire
                                                *Attorney for Plaintiffs*