UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC SUBER and MARY LYNNE FORREY-SUBER, on their own behalf and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE GROUP, INC. d/b/a LIBERTY MUTUAL INSURANCE, LIBERTY MUTUAL INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF AMERICA, COMPANY, and LMIC INSURANCE COMPANY, <br><br> Defendants. | Case No. 2:21-CV-04750 <br><br> Civil Action |

## LIBERTY MUTUAL INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant Liberty Mutual Insurance Company ("LMIC"), by and through its undersigned counsel, hereby states that this Answer, together with Affirmative Defenses, is filed solely on behalf of LMIC, and that, to the extent the allegations of the individual Paragraphs of the Complaint are directed at parties other than LMIC, and unless otherwise specifically stated to the contrary herein, LMIC denies knowledge or information sufficient to form a belief as to the truth of those allegations, and LMIC further states as follows:

## I.   INTRODUCTION

1.      LMIC admits that Plaintiffs Eric Suber and Mary Lynne Forrey-Suber ("Plaintiffs") filed a Complaint and seek to represent a class.  LMIC denies the remaining allegations of Paragraph 1 of the Complaint.

2.     To the extent Plaintiffs sets forth allegations related to a coverage decision, LMIC did not issue the LM General policy and lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them. The remaining allegations of Paragraph 2 of the Complaint are denied.

3.     LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, and therefore denies them.

4.     LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies them.

5.     Denied.

6.     Denied.

7.     Denied.

8.     Denied

9.     Denied.

## II.     THE PARTIES

10.    LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies them.

11.    No response is required as to this Paragraph because the Complaint was dismissed without prejudice as against Liberty Mutual Group Inc.[1] on March 30, 2022.

12.    LMIC admits that it is an insurance company authorized to conduct business within the Commonwealth of Pennsylvania, and that it maintains a principal place of business at 176

---

[1] Plaintiffs filed suit against an entity named "Liberty Mutual Insurance Group Inc. d/b/a Liberty Mutual Insurance," which does not exist. Defendants clarified that the correct defendant is likely Liberty Mutual Group Inc., which is the overall holding company of all the Liberty Mutual entities. *See* Def. Br. At 1 n.1, ECF 11-1. Plaintiffs later confirmed this is the entity they intended to name. *See* Plfs. LMG Resp. at 1 n.1, ECF 22.

Berkeley Street, Boston, Massachusetts 02116. LMIC denies the remaining allegations of this Paragraph.

13.     No response is required as to this Paragraph because the Complaint was dismissed without prejudice as against Safeco Insurance Company of America on March 30, 2022.

14.     The allegations of Paragraph 14 of the Complaint are directed to a Defendant other than LMIC and, therefore, a response is not required.  To the extent a response is required, LMIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 14 of the Complaint.

15.     To the extent that this Paragraph of the Complaint sets forth allegations against parties other than LMIC, LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them. To the extent Paragraph 15 sets forth allegations against LMIC, LMIC denies them.

16.     Denied.

## III.     **JURISDICTION**

17.      The allegations of Paragraph 17 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, LMIC admits Plaintiffs seek to represent a putative class whose claims confer this Court with jurisdiction under the Class Action Fairness Act. LMIC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17 of the Complaint and denies Plaintiffs or any putative class members are entitled to any relief based on Plaintiffs' claims.

18.     The allegations of Paragraph 18 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, LMIC admits that it is an insurance company authorized to conduct business within the Commonwealth of Pennsylvania.

19.     The allegations of Paragraph 19 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, LMIC admits that venue is proper in this Court.

IV.     **INDIVIDUAL PLAINTIFFS' CAUSES OF ACTION**

20.     LMIC admits that Exhibit A shows that Plaintiffs Eric Suber and Lynne M. Forrey-Suber entered into a contract with LM General for automobile insurance, and states that the terms, conditions, limitations, and exclusions of that policy (the "LM General Policy") speak for themselves.  LMIC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint, and therefore denies them.

21.     LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, and therefore denies them.

22.     LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and therefore denies them.

23.     LMIC admits Exhibit A, the LM General Policy, speaks for itself.

24.     LMIC admits that Eric Suber was involved in a motor vehicle accident on April 2, 2021.  LMIC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 of the Complaint, and therefore denies them.

25.     The allegations of Paragraph 25 of the Complaint set forth conclusions of law to which no response is required.  To the extent that a response is required, LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, and therefore denies them.

26.     LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint, and therefore denies them.

27.     LMIC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27 of the Complaint, and therefore denies the allegations.

28.     LMIC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28 of the Complaint, and therefore denies them.

29.     Denied.

30.     LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint, and therefore denies them.

31.     Denied.

32.     LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint, and therefore denies them.

33.     LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint, and therefore denies them.

34.     Denied.

35.     Denied.

36.     LMIC admits that Plaintiffs attach "Exhibit F," which speaks for itself.  LMIC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies them.

37.     LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint, and therefore denies them.

38.     LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint, and therefore denies them.

39.     LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint, and therefore denies them.

## V.  LMIC HAVE KNOWN FOR YEARS THAT HPDE EVENTS AND RACING ARE SEPARATE CATEGORIES OF AUTO INSURANCE COVERAGE

40.     Denied.

41.     LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint, and therefore denies them.

42.     LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint, and therefore denies them.  Further answering, the writing referred to by Plaintiffs speaks for itself.  LMIC states the quoted language in Paragraph 42 is not the entirety of the article and denies the allegations in Paragraph 42 to the extent they misquote or misrepresent the article.

43.     LMIC denies the allegations set forth in Paragraph 43 of the Complaint as stating conclusions of law to which no response is required.  To the extent that a response is required, LMIC denies the allegations.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

## VI.  CLASS ACTION ALLEGATIONS

49.     LMIC admits only that Plaintiffs filed the Complaint in this action, which speaks for itself.  To the extent a further response is required, LMIC denies the allegations of Paragraph 49 of the Complaint, and further denies that class treatment is appropriate.

50.     LMIC denies the allegations of Paragraph 50 of the Complaint, and further denies that class treatment is appropriate.

51.     LMIC denies the allegations of Paragraph 51 of the Complaint, and further denies that class treatment is appropriate.

52.     LMIC denies the allegations of Paragraph 52 of the Complaint, and further denies that class treatment is appropriate.

53.     LMIC denies the allegations of Paragraph 53 of the Complaint, and further denies that class treatment is appropriate.

54.     LMIC denies the allegations of Paragraph 54 of the Complaint, and further denies that class treatment is appropriate.

55.     LMIC denies the allegations of Paragraph 55 of the Complaint, and further denies that class treatment is appropriate.

56.     LMIC denies the allegations of Paragraph 56 of the Complaint, and further denies that class treatment is appropriate.

## V.     CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

57.     LMIC incorporates its answers to Paragraphs 1-56 of Plaintiffs' Complaint as though fully set forth herein.

58.     Paragraph 58 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

59.     Paragraph 59 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

60.     Paragraph 60 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

61.     Paragraph 61 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

62.     Paragraph 62 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

63.     Paragraph 63 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

64.     Paragraph 64 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

65.     Paragraph 65 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

66.     Paragraph 66 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

**<ins>COUNT II</ins>**
**VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW AND OTHER SIMILAR STATUTES NATIONWIDE**

67.    LMIC incorporates its answers to Paragraphs 1-66 of Plaintiffs' Complaint as though fully set forth herein.

68.    Paragraph 68 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

69.    Paragraph 69 of the Complaint sets forth a legal statement or assertion to which no response is required. To the extent a response is required, LMIC denies the allegations in this Paragraph.

70.    Paragraph 70 of the Complaint sets forth a legal statement or assertion to which no response is required. To the extent a response is required, LMIC denies the allegations in this Paragraph.

**COUNT III**
**BAD FAITH**

71.    LMIC incorporates its answers to Paragraphs 1-70 of Plaintiffs' Complaint as though fully set forth herein.

72.    Paragraph 72 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

73.    Paragraph 73 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

74.    Paragraph 74 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

75.     Paragraph 75 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

76.     Paragraph 76 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

77.     Paragraph 77 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

78.     Paragraph 78 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

79.     Paragraph 79 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

80.     Paragraph 80 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations in this Paragraph.

## COUNT IV
## DECLARATORY RELIEF

81.     LMIC incorporates its answers to Paragraphs 1-80 of Plaintiffs' Complaint as though fully set forth herein.

82.     Paragraph 82 of the Complaint sets forth a legal statement to which no response is required.

83.     Paragraph 83 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 of the Complaint, and therefore denies them.

84.     Paragraph 84 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the Complaint, and therefore denies them.

85.     Paragraph 85 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the Complaint, and therefore denies them.

86.     Paragraph 86 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC denies the allegations.

87.     Paragraph 87 of the Complaint sets forth a legal statement or assertion to which no response is required.  To the extent a response is required, LMIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 of the Complaint, and therefore denies them.

## AFFIRMATIVE DEFENSES

LMIC, as and for its Affirmative Defenses to the Complaint, states as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against LMIC are barred because LMIC did not issue the LM General Policy and has no contractual relationship with Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

The action is barred by the lack of subject matter jurisdiction.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims on behalf of the alleged class of persons that Plaintiffs purport to represent, the existence of which is expressly denied, are barred by Plaintiffs' failure to meet all four of the mandatory requirements of Fed. R. Civ. P. 23(a), or any of the requirements of Fed. R. Civ. P. 23(b).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims are barred by the doctrines of waiver, unclean hands, estoppel, and/or laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims failed to mitigate and/or reduce their damages and losses, if any, as alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members assumed the risks of damage to their property, were fully cognizant of those risks, and failed to avoid and/or minimize those risks.

## EIGHTH AFFIRMATIVE DEFENSE

Exclusion 15 of Section D of the LM General Policy bars coverage for Plaintiffs' and the putative class members' claims.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because Plaintiffs lack standing to sue LMIC and further lack standing to represent a nationwide class.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims may be barred by accord and satisfaction.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims may be barred by fraud or misrepresentation.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class members' claims may be barred by payment, including, but not limited to, payments from LM General or third-party insurers.

## THIRTEENTH AFFIRMATIVE DEFENSE

LMIC reserve the right to assert additional defenses and/or supplement, alter, amend, and change its Answer upon the revelation of more definite facts from the various parties to this suit and completion of further discovery and investigation.

WHEREFORE, LMIC denies that Plaintiffs or the putative class members are entitled to a judgment against it in any form or amount whatsoever, denies a class can be certified, and respectfully requests that the Court enter a judgment in its favor:

(a)     Dismissing, with prejudice, Plaintiffs' Complaint; and

(b)     For all other and further relief as may appear just and proper to this Court.

Respectfully submitted,

/s/ *Tiffany Powers*
Tiffany Powers (PA ID: 310263)
ALSTON & BIRD LLP
One Atlantic Center
1201 W Peachtree St NE, Suite 4900
Atlanta, GA 30309
Tel.: 404-881-7000
tiffany.powers@alston.com

Christopher Rubinate (PA ID: 307425)
Bennett, Bricklin & Saltzburg LLC
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
Tel.: 215-665-3390
rubinate@bbs-law.com

*Attorneys for Defendants,*
*Liberty Mutual Insurance Company and*
*LM General Insurance Company*

Dated: April 13, 2022

## <u>CERTIFICATE OF SERVICE</u>

I, Christophe Rubinate, hereby certify that on this 13th day of April, 2022, LMIC's

Answer and Affirmative Defenses was filed via the Court's CM/ECF filing system.

Respectfully submitted,

Christopher Rubinate (PA ID: 307425)
Bennett, Bricklin & Saltzburg LLC
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
Tel.: 215-665-3390
rubinate@bbs-law.com

*Attorney for Defendants,*
*Liberty Mutual Insurance Company and*
*LM General Insurance Company*